593 So.2d 1004 (1992)
Chandler CLEMONS
v.
STATE of Mississippi.
No. 03-DP-00831.
Supreme Court of Mississippi.
January 15, 1992.
Rehearing Denied March 18, 1992.
*1005 James W. Craig, Jackson, Kenneth S. Resnick, Cincinnati, Ohio, for appellant.
Mike C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
SULLIVAN, Justice, for the Court:
Clemons was convicted of capital murder and sentenced to death by a Harrison County jury on change of venue from the Warren County Circuit Court. His conviction and sentence were affirmed by this Court. Clemons v. State, 535 So.2d 1354 (Miss. 1988).
On appeal, this Court noted that Clemons had offered no objection to the aggravating circumstance "especially heinous, atrocious, or cruel" and that the issue was not assigned as error on appeal; however, in light of Maynard v. Cartwright, this Court considered the question as part of its responsibility under Miss. Code Ann. § 99-19-105 (Supp. 1988), to review death penalty sentences. Clemons v. State, 535 So.2d at 1362. In so doing, this Court recognized that the "especially heinous, atrocious or cruel" aggravating circumstance, without limiting instruction, is unconstitutionally vague and is, therefore, an invalid aggravating circumstance. Even so, this Court distinguished Maynard v. Cartwright on several grounds and upheld the death penalty.
The United States Supreme Court granted certiorari review on the issue of whether or not this Court properly upheld the sentence of death in light of its finding that one of the two aggravating circumstances, "especially heinous, atrocious or cruel," was invalid, pursuant to Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). The United States Supreme Court held:
Although we hold that the Federal Constitution does not prevent a state appellate court from upholding a death sentence that is based in part on an invalid or improperly defined aggravating circumstance either by reweighing of the aggravating and mitigating evidence or by harmless error review, we vacate the judgment below and remand, because it is unclear whether the Mississippi Supreme Court correctly employed either of these methods.
Clemons v. Mississippi, 494 U.S. 738, 741, 110 S.Ct. 1441, 1444, 108 L.Ed.2d 725, 733 (1990).

THE ISSUES ON REMAND

A.

REWEIGHING
The United States Supreme Court has now settled the question from a federal constitutional standpoint of a state appellate court's ability to reweigh aggravating and mitigating circumstances in order to uphold a death sentence based in part on an invalid or improperly defined aggravating circumstance. It has delineated, both in Clemons and in Parker v. Dugger, ___ U.S. ___, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991), the process by which appellate courts must arrive at such a decision. However, preliminary to any attempt we make on remand to clarify our analysis in upholding the death sentence, we must decide, as a matter of state law, our authority to reweigh aggravating and mitigating circumstances in order to uphold a death sentence which is based in part upon an improperly defined aggravating circumstance.
Miss. Code Ann. § 99-19-101 (Supp. 1991), sets forth the process for a sentencing hearing and deliberation. Foremost in our consideration is that by statute the jury must impose the death penalty. Section 99-19-101(3) states: "If the jury does not make the findings requiring the death sentence the court shall impose a sentence of *1006 life imprisonment." Further, § 99-19-103 (Supp. 1991), addresses the "effect of jury's failure to agree on punishment," with these words: "If the jury cannot, within a reasonable time, agree as to punishment, the judge shall dismiss the jury and impose a sentence of imprisonment for life."
Finally, § 99-19-105 (Supp. 1991) provides for "Review by supreme court of imposition of death penalty," and mandates that this Court shall review every death sentence whether or not a direct appeal is taken, § 99-19-105(6), and requires that this Court determine:
(a) Whether the sentence of death was imposed under the influence of passion, prejudice or any other arbitrary factor;
(b) Whether the evidence supports the jury's or judge's finding of a statutory aggravating circumstance as enumerated in Section 99-19-101; and
(c) Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.
§ 99-19-105(3).
From these statutory provisions, two things are clear: only the jury, by unanimous decision, can impose the death penalty; as to aggravating circumstances, this Court only has the authority to determine whether the evidence supports the jury's or judge's finding of a statutory aggravating circumstance. There is no authority for this Court to reweigh remaining aggravating circumstances when it finds one or more to be invalid or improperly defined, nor is there authority for this Court to find evidence to support a proper definition of an aggravating circumstance in order to uphold a death sentence by reweighing. Finding aggravating and mitigating circumstances, weighing them, and ultimately imposing a death sentence are, by statute, left to a properly instructed jury.
We acknowledge, as the United States Supreme Court recognized in its opinion, that this Court has upheld death sentences in the face of an invalid aggravating circumstance. See, e.g. Nixon v. State, 533 So.2d 1078, 1099 (Miss. 1988); Lanier v. State, 533 So.2d 473, 491 (Miss. 1988); Faraga v. State, 514 So.2d 295, 309 (Miss. 1987); Johnson v. State, 511 So.2d 1333, 1337 (Miss. 1987); Stringer v. State, 500 So.2d 928, 945 (Miss. 1986); Wiley v. State, 484 So.2d 339, 351 (Miss. 1986); Irving v. State, 498 So.2d 305, 314 (Miss. 1986); Edwards v. State, 441 So.2d 84, 92 (Miss. 1983). However, these cases express the notion, based on Zant v. Stephens, 462 U.S. 862, 880-84, 103 S.Ct. 2733, 2744-46, 77 L.Ed.2d 235, 252-54 (1983), that so long as there remains even one valid aggravating circumstance this Court can uphold the death sentence. The United States Supreme Court has now unequivocally established in Clemons that an "automatic rule of affirmance in a weighing State would be invalid... ." 494 U.S. at 752, 110 S.Ct. at 1450, 108 L.Ed.2d at 740.
In the more recent case of Johnson v. State, 547 So.2d 59, 60 (Miss. 1989), we claimed that this Court can make the decision as to whether or not to uphold a death sentence without remanding to the trial court for a jury finding. Our opinion is not clear as to whether or not we made this claim with regard to our authority as a matter of state law to reweigh or with regard to our ability to conduct a harmless error analysis. In the end, we determined that where two of three aggravating circumstances were found invalid, a jury should reconsider Johnson's sentence. Id. at 61. Any indication or implication we may have given in Johnson as to our authority under state law to reweigh in the face of an invalid or improperly defined aggravating circumstance in order to uphold a death sentence is hereby overruled.

B.

HARMLESS ERROR ANALYSIS
The United States Supreme Court's Clemons opinion alternatively suggests that even if weighing aggravating circumstances against mitigating circumstances were not an appellate function, "it was open to the Mississippi Supreme Court to find that the error which occurred during the sentencing proceeding was harmless," *1007 relying on Satterwhite v. Texas, 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988). 494 U.S. at 752, 110 S.Ct. at 1450, 108 L.Ed.2d at 741. The Court pointed to this language in our Clemons opinion: "We likewise are of the opinion beyond a reasonable doubt that the jury's verdict would have been the same with or without the `especially heinous, atrocious or cruel' aggravating circumstances." 535 So.2d at 1364. While agreeing that "beyond a reasonable doubt" was the appropriate standard for finding harmless error, Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), the United States Supreme Court took this statement to mean that this Court threw out the "especially heinous" aggravating circumstance and balanced the one remaining aggravating circumstance against the mitigating circumstances; again, while agreeing that this approach would be permissible, the Court found our ultimate conclusion "very difficult to accept" for the reason that the State almost entirely argued "especially heinous, atrocious, or cruel" during the sentencing hearing, and hardly argued "in the course of a robbery for pecuniary gain" at all. 494 U.S. at 753, 110 S.Ct. at 1451, 108 L.Ed.2d at 741. Without a detailed explanation, the Court could not accept our harmless error analysis.
Assuming that in our original Clemons opinion we were clearly engaged in a harmless error analysis, it is difficult to accept that beyond a reasonable doubt the jury's sentencing verdict would have been the same with or without the "especially heinous" factor. This factor was argued almost exclusively to the jury as a reason to impose the death penalty. As in Johnson v. State, 547 So.2d 59 (Miss. 1989), there is no way to throw out this aggravating circumstance and say with any confidence that the jury verdict would have been the same.
However, the United States Supreme Court did leave open the possibility that this Court "intended to ask whether beyond reasonable doubt the result would have been the same had the especially heinous aggravating circumstance been properly defined in the jury instructions; and perhaps on this basis it could have determined that the failure to instruct properly was harmless error." 494 U.S. at 754, 110 S.Ct. at 1451, 108 L.Ed.2d at 742. This statement indicates that if this Court applied the Coleman construction to the "especially heinous" factor and then found that with the narrowed definition the jury verdict would have been the same, then we could have perhaps found that failure to properly instruct the jury was harmless error.
We are not convinced beyond a reasonable doubt that under the facts of this case a jury would have found that "the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim." Coleman v. State, 378 So.2d 640, 648 (Miss. 1979).

CONCLUSION
Because we have no authority as a matter of state law to engage in a reweighing analysis, and because under the facts of this case we eschew harmless error analysis, we hold that it is for a jury, rather than this Court, to decide under the facts of this case and with proper and properly defined aggravating circumstances, weighed against mitigating circumstances, whether Clemons shall be sentenced to death or life imprisonment.
This cause is remanded to the Circuit Court of Warren County to impanel another sentencing jury to consider punishment in this case.
REMANDED TO WARREN COUNTY CIRCUIT COURT FOR RESENTENCING.
DAN M. LEE, P.J., and PRATHER, ROBERTSON, BANKS and McRAE, JJ., concur.
ROY NOBLE LEE, C.J., dissents with separate written opinion joined by HAWKINS, P.J.
PITTMAN, J., not participating.
*1008 ROY NOBLE LEE, Chief Justice, Dissenting:
The identical question here was first confronted by this Court in Bullock v. State, 525 So.2d 764 (Miss. 1987). The question was presented on whether or not the Enmund requisites, e.g. Bullock (1) killed, (2) attempted to kill, (3) or intended that a killing take place or that lethal force be used, were met during the homicide. These were factual findings. In Cabana v. Bullock, 474 U.S. 376, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986), the United States Supreme Court said:
The proceeding that the state courts must provide Bullock need not take the form of a new sentencing hearing before a jury. As indicated above, the Eighth Amendment does not require that a jury make the findings required by Enmund. Moreover, the sentence currently in force may stand provided only that the requisite findings are made in an adequate proceeding before some appropriate tribunal  be it an appellate court, a trial judge, or a jury. A new hearing devoted to the identification and weighing of aggravating and mitigating factors is thus, as far as we are concerned, unnecessary.
474 U.S. at 392, 106 S.Ct. at 700, 88 L.Ed.2d at 720.
Following the preachment of Cabana, this Court said:
Therefore, after careful consideration of Cabana v. Bullock, supra, this Court is of the opinion, and holds, that it may properly examine and consider the record before us made in the original trial of this case, and make a determination whether or not that record supports the finding of at least one of the Enmund requisites. In the event we make the determination in the affirmative, then our procedure will be to reimpose the death penalty and set an execution date for Bullock. If we are unable to determine that at least one of the Enmund requisites is reflected by the record, then, we must remand the case to the lower court for an evidentiary hearing to make that determination.
.....
Therefore, we are of the opinion that (1) this Court has properly proceeded to make a determination of whether or not the record in this case as made contains at least one of the Enmund requisites, and (2) this Court has now determined that at least one of the Enmund requisites is overwhelmingly reflected by the record.
Bullock, 525 So.2d at 768-769. See Reddix v. State, 547 So.2d 792, 797, (Miss. 1989), Roy Noble Lee, Chief Justice, Dissenting; Johnson v. State, 547 So.2d at 61, Roy Noble Lee, Chief Justice, Dissenting.
In the case at bar, the majority holds that we cannot weigh or reweigh an aggravating circumstance against the mitigating circumstances, in spite of our holding in Bullock. We set out excerpts from the U.S. Supreme Court decision in Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), which vacated the death sentence of Clemons and remanded to this Court for re-weighing.
Nothing in the Sixth Amendment as construed by our prior decisions indicates that a defendant's right to a jury trial would be infringed where an appellate court invalidates one of two or more aggravating circumstances found by the jury but affirms the death sentence after itself finding that the one or more valid remaining aggravating factors outweigh the mitigating evidence. Any argument that the Constitution requires that a jury impose the sentence of death or make the findings prerequisite to imposition of such a sentence has been soundly rejected by prior decisions of this Court. Cabana v. Bullock, 474 U.S. 376 [106 S.Ct. 689, 88 L.Ed.2d 704] (1986), held that an appellate court can make the findings required by Enmund v. Florida, 458 U.S. 782 [102 S.Ct. 3368, 73 L.Ed.2d 1140] (1982). .. .
.....
Contrary to the situation in Hicks, the state court in this case, as it had in others, asserted its authority under Mississippi law to decide for itself whether the death sentence was to be affirmed even though one of the two aggravating circumstances on which the jury had relied *1009 should not have been or was improperly presented to the jury. The court did not consider itself bound in such circumstances to vacate the death sentence and to remand for a new sentencing proceeding before a jury. We have no basis for disputing this interpretation of state law, which was considered by the court below to be distinct from its asserted authority to affirm the sentence on the ground of harmless error and which plainly means that we must reject Clemons' assertion that he had an unqualified liberty interest under the Due Process Clause to have the jury assess the consequence of the invalidation of one of the aggravating circumstances on which it had been instructed. In this respect, the case is analogous to Cabana v. Bullock, supra, where we specifically rejected a due process challenge based on Hicks because state law created no entitlement to have a jury make findings that an appellate court also could make. 474 U.S. at 387 and n. 4 [106 S.Ct. at 697 and n. 4].
Clemons also submits that appellate courts are unable to fully consider and give effect to the mitigating evidence presented by defendants at the sentencing phase in a capital case and that it therefore violates the Eighth Amendment for an appellate court to undertake to reweigh aggravating and mitigating circumstances in an attempt to salvage the death sentence imposed by a jury. He insists, therefore, that he is entitled to a new sentencing hearing before a jury and that the decision below must be reversed. We are unpersuaded, however, that our cases require this result. Indeed, they point in the opposite direction.
.....
We see no reason to believe that careful appellate weighing of aggravating against mitigating circumstances in cases such as this would not produce "measured consistent application" of the death penalty or in any way be unfair to the defendant. It is a routine task of the appellate courts to decide whether the evidence supports a jury verdict and in capital cases in "weighing" States, to consider whether the evidence is such that the sentence could have arrived at the death sentence that was imposed. And, as the opinion below indicates, a similar process of weighing aggravating and mitigating evidence is involved in an appellate court's proportionality review. Furthermore, this Court has repeatedly emphasized that meaningful appellate review of death sentences promotes reliability and consistency. (citations omitted). It is also important to note that state supreme courts in States authorizing the death penalty, may well review many death sentences and that typical jurors, in contrast will serve on only one such case during their lifetimes. See Proffitt [v. Florida], [428 U.S. 242, 49 L.Ed.2d 913, 96 S.Ct. 2960 (1976)]. Therefore, we conclude that state appellate courts can and do give each defendant an individualized and reliable sentencing determination based on the defendant's circumstances, his background, and the crime.
This is surely the import of Cabana v. Bullock, 474 U.S. 376 [106 S.Ct. 689, 88 L.Ed.2d 704] (1986), which held that a state appellate court could make the finding that Enmund v. Florida, 458 U.S. 782 [102 S.Ct. 3368, 73 L.Ed.2d 1140] (1982), required for imposition of the death penalty, i.e. whether the defendant had killed, attempted to kill, or intended to kill.
.....
We accordingly see nothing in appellate weighing or reweighing of the aggravating and mitigating circumstances that is at odds with contemporary standards of fairness or that is inherently unreliable and likely to result in arbitrary imposition of the death sentence. Nor are we impressed with the claim that without written jury findings concerning mitigating circumstances, appellate courts cannot perform their proper role. In Spaziano and Proffitt, we upheld the Florida death penalty scheme permitting a trial judge to override a jury's recommendation of life even though there were no written jury findings. An appellate *1010 court also is able adequately to evaluate any evidence relating to mitigating factors without the assistance of written jury findings.
494 U.S. at 745-750, 110 S.Ct. at 1446-49, 108 L.Ed.2d at 736-39.
Probably, in the majority of criminal cases that come before this Court, we weigh the evidence to determine whether or not the jury verdict was contrary to the weight of the credible evidence or the evidence was insufficient to support the verdict. That is the same procedure this Court followed in Bullock v. State, supra, set forth by the U.S. Supreme Court in Cabana v. Bullock, supra, and in remanding Clemons to this Court. A Mississippi jury found Clemons guilty as charged in the guilt phase and imposed the death penalty in the sentence phase. This Court affirmed that judgment and sentence. The United States Supreme Court simply remanded the case to this Court for a further weighing process and has held that this Court may do so without re-submitting the case to a jury. The majority now cuts the Court off from so doing by simply saying this Court cannot reweigh but must let a jury again pass upon, and impose, the penalty.
I dissent.
HAWKINS, P.J., joins this dissent.