614 So.2d 370 (1992)
Robert C. GILLIARD, Jr.
v.
STATE of Mississippi.
No. 92-KA-1061.
Supreme Court of Mississippi.
December 10, 1992.
Rehearing Denied March 18, 1993.
Kenneth J. Rose, Durham, NC, Cynthia A. Stewart, Royals & Hartung, Jane Tucker Lambert, James W. Craig, Andre de Gruy, Jackson, for appellant.
Michael C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for appellee.
Isaac K. Byrd, Jr., Byrd & Associates, Jackson, for amicus curiae.
En Banc.

*371 ON MOTION UNDER POST-CONVICTION RELIEF ACT
PRATHER, Justice, for the Court:

I. PROCEDURAL HISTORY
Robert C. Gilliard Jr. was indicted by the Grand Jury for the Circuit Court of Jones County, Mississippi, for the crime of capital murder, to which he pled guilty. A jury was convened for sentencing purposes. On October 17, 1981, the jury returned a verdict of death, finding four aggravating circumstances, including a finding that the defendant committed the capital murder in an especially heinous, atrocious, or cruel manner.
This Court affirmed the conviction and death sentence. Gilliard v. State, 428 So.2d 576 (Miss. 1983). No petition for rehearing was filed. A petition for writ of certiorari was filed with the United States Supreme Court which was denied on October 3, 1983. Gilliard v. Mississippi, 464 U.S. 867, 104 S.Ct. 40, 78 L.Ed.2d 179 (1983).
Gilliard then filed an application for leave to file a petition for writ of error coram nobis, and on February 22, 1984, this Court granted the application for leave to file in the trial court and ordered an evidentiary hearing on two issues: (1) the constitutionality of petitioner's guilty plea, and (2) whether petitioner received effective assistance of counsel. Gilliard v. State, 446 So.2d 590 (Miss. 1984). A hearing was held on these claims in the Circuit Court of Jones County on March 19, 1984, and on March 22, 1984, in a written opinion, the Circuit Court denied the petition with prejudice. An appeal was taken to this Court from this ruling, and on January 9, 1985, this Court affirmed the denial of relief; petition for rehearing was denied February 27, 1985. Gilliard v. State, 462 So.2d 710 (Miss. 1985).
Gilliard then filed a petition for writ of habeas corpus and a motion for stay of execution with the United States District Court for the Southern District of Mississippi. On May 4, 1987, in an unpublished memorandum opinion, the District Court denied relief on all issues.
Gilliard appealed to the Fifth Circuit from the denial of this relief, which court affirmed the District Court on June 14, 1988; a motion for a rehearing was denied on July 12, 1988. Gilliard v. Scroggy, 847 F.2d 1141 (5th Cir.1988). Gilliard filed a petition for writ of certiorari with the United States Supreme Court, which was denied. Gilliard v. Scroggy, 488 U.S. 1019, 109 S.Ct. 818, 102 L.Ed.2d 807 (1989), rehearing denied, 489 U.S. 1061, 109 S.Ct. 1332, 103 L.Ed.2d 600 (1989).
Gilliard now files this motion under the Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. 99-39-1 et seq. (Cum. Supp. 1991), asking this Court to vacate the sentence of death based upon the claims presented, affidavits, trial record, and relevant principles of law, or alternatively, to grant the petitioner leave to file the Motion to Vacate Sentence in the Circuit Court of Jones County. As grounds for relief, Gilliard raises five issues relating to the penalty phase of the trial: (1) the issue of parole injected by the prosecutor in closing argument should be re-examined because, he asserts, erroneous findings by this Court creates the potential of a miscarriage of justice; (2) the application of Maynard v. Cartwright 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), to this case; (3) the admission of an alleged involuntary, unconstitutional prior conviction as an aggravating circumstance; (4) instructions at the penalty phase failed to channel the jury's discretion in consideration of mitigating circumstances; (5) prosecutor's use of peremptory strikes to exclude potential black jurors.[1]
In addition, Gilliard has filed two Supplements to the Motion to Vacate which raise and argue the issue of newly discovered exculpatory statements taken by law enforcement officers at the time of the incident, *372 two by eyewitnesses to the incident and one by a person who knew information about the gun used in the incident. Gilliard claims these statements were withheld by the State at the time of plea negotiations and sentencing hearing, in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
In conjunction with these two Supplements, Gilliard has filed a Motion to Expand the Record, requesting that this Court order the addition of these statements to the record, which are currently in the possession of the Mississippi Department of Public Safety and the Jones County District Attorney's Office. (A subpoena duces tecum was issued to the Mississippi Highway Patrol Criminal Investigative Unit asking for "records, statements, memoranda, or other documents maintained on Robert C. Gilliard, Jr." Gilliard's attorney was allowed to view the documents on April 12, 1989, but before she could gain possession of certified copies of these documents, the subpoena was quashed at a hearing in Jones County on April 14.)
Finally, Gilliard has filed a Supplement concerning the impact of Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), on the Maynard v. Cartwright issue, infra, which he raises in this Application.

II. ANALYSIS

A. Successive Writ Bar, Procedural Bar and Preservation of Issues.
In its response, the State raises, as a preliminary issue, the specter of the Successive Writ Bar contained in Miss. Code Ann. § 99-39-27(9) (Cum.Supp. 1991), by pointing out that Gilliard sought and was given an evidentiary hearing on two issues in an application for leave to file a petition for writ of error coram nobis in 1984. Gilliard v. State, 446 So.2d 590 (Miss. 1984). All other claims raised in that post-conviction collateral petition were found to be procedurally barred either because they were raised on direct appeal and decided adversely to Gilliard, Id. at 592, or were not raised on direct appeal and could not be raised for the first time on collateral attack. Id. at 593.
As to the two issues remanded for evidentiary hearing, this Court affirmed the denial of those claims by the trial court. Gilliard v. State, 462 So.2d 710 (Miss. 1985). When the Court decided these two final issues in 1985, proceedings before state courts were at an end. See Culberson v. State, 580 So.2d. 1136 (Miss. 1990). Thereafter, Gilliard, having exhausted state remedies, filed a petition for writ of habeas corpus in the federal system and has run the gamut of federal appeals from denial of relief in the federal district court. Significantly, and unlike Culberson, the federal courts have not remanded this case to the state courts for exhaustion of any claims. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Gilliard has filed this petition as his last attempt to have his death penalty reversed. The State's position is to have this Court bar this petition as a successive writ.
Alternatively, the State would have this Court apply the procedural bars to the claims raised here by Gilliard, as set out in Miss. Code Ann. § 99-39-21, should this Court accept Gilliard's contention that it has accepted petitions for post-conviction relief from persons who have similarly run the state and federal post-conviction relief courses to exhaustion before the advent of the Uniform Post-Conviction Collateral Relief Act. See Johnson v. State, 508 So.2d 1126 (Miss. 1987), and Evans v. State, 485 So.2d 276 (Miss. 1986). Gilliard's contention is that the claims he raises fall under the exception to the successive writ bar  that there have been intervening decisions by this Court or the United States Supreme Court which would have actually adversely affected the outcome of his conviction and sentence, and that he has evidence not reasonably discoverable at the time of his conviction and sentence which would have caused a different result in them. Miss. Code Ann. § 99-39-27(9).
Each of Gilliard's claims will be examined in light of the successive writ bar, Miss. Code Ann. § 99-39-27(9), and procedural bar, Miss. Code Ann. § 99-39-21(6).

*373 B. Assignment No. 1: The Issue of Parole Injected by the Prosecutor Introduced an Arbitrary Element into Robert Gilliard's Sentencing Proceeding and Should be Reexamined Because Erroneous Findings by This Court Creates the Potential of a Miscarriage of Justice.

Gilliard acknowledges that this issue was raised on direct appeal and decided by this Court. Gilliard v. State, 428 So.2d 576, 583 (Miss. 1983). On direct appeal, this Court held that the statement by the prosecutor constituted error, without question, but the defense's remarks amounted to provocation and caused the district attorney to respond as he did. Therefore, under the decisions of this Court, the error did not require reversal. Gilliard, 428 So.2d at 583 & 584.
Gilliard raised this issue in the federal district court on habeas proceedings, arguing that under Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (Miss. 1985), it was unconstitutionally improper for the prosecutor to make any comment on post-trial possibilities of prosecutor to make any comment on post-trial possibilities of alternatives to a criminal defendant serving his full sentence. That court, in its unpublished opinion, pointed out that Caldwell concerned the prosecutor's misleading comments on appellate review and the finality of the jury's decision, and that California v. Ramos, 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983), makes clear that accurate information given to the jury about post-sentencing procedures was not prohibited. Gilliard v. Thigpen, No. H85-0077(N), decided May 4, 1987.
The Fifth Circuit, on appeal from the district court, likewise characterized the remarks as accurate, though a "thumbnail" statement of Mississippi law on parole, and held that the remarks did not create an unacceptable risk that the jury meted out the death sentence in an arbitrary or capricious manner. Gilliard v. Scroggy, 847 F.2d 1141, 1148 (5th Cir.1988).

1. Successive Writ Bar
In order to overcome the successive writ bar of Miss. Code Ann. § 99-39-27(9), Gilliard must demonstrate that there have been intervening decisions from either this Court or the U.S. Supreme Court which would have actually adversely affected the outcome of his conviction or sentence. Gilliard has not made this showing as to this claim; in fact, California v. Ramos, 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983), makes clear that information given to the jury about post-sentencing proceedings is not prohibited. Thus, this issue is successive writ barred.

2. Procedural Bar
This claim, having been decided by this Court on direct appeal (and again in federal habeas proceedings) is barred by the doctrine of res judicata, Miss. Code Ann. § 99-39-21(3), and is not to be readjudicated here. This Court has already performed this duty on direct appeal. Gilliard v. State, 428 So.2d at 586. Therefore, this claim is, alternatively, procedurally barred as res judicata. This Court unequivocally dismisses the claim on the separate and independent state grounds of successive writ bar and, alternatively, on the separate and independent state grounds of procedural bar.

C. Assignment No. 2: Application of Maynard v. Cartwright.

1. Successive Writ Bar
One of the aggravating circumstances submitted to Gilliard's sentencing jury was that the crime was "especially heinous, atrocious or cruel" without a limiting instruction. Gilliard raised on direct appeal that the lower court erred in allowing this aggravating circumstance. Gilliard v. State, 428 So.2d at 586. This Court discussed the point that the "especially heinous" factor "must be construed to be something more than the normal taking of a human life, and that intentional acts involving torture to the victim or other cruelties are required to set the death penalty apart from normal capital felonies." Id. This Court then held that the aggravating circumstances was properly submitted to the jury "under the facts of the case sub judice." Id. (citing Evans v. State, 422 *374 So.2d 737 (Miss. 1982)). Gilliard raised the matter again in his Application for Leave to File Petition for Writ of Error Coram Nobis; this Court rejected the issue on the procedural bar of res judicata. Gilliard, 446 So.2d at 593.
The United State Supreme Court has since decided Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), in which this aggravating circumstance of "especially heinous, atrocious, and cruel" was held to be unconstitutionally vague when given without a limiting instruction. Stated differently, the United States Supreme Court has held that these words are impermissibly vague in describing the circumstances under which a person may be sentenced to death. The Mississippi Court is bound to follow the decisions of the United States Supreme Court in interpreting federal constitutional rights. The United States Supreme Court has also decided Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), which discusses the options an appellate court has under federal constitutional law to either reweigh or apply harmless error analysis when it finds an invalid aggravating circumstance, and Parker v. Dugger, 498 U.S. 308, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991), which further delineates the requirements of an appellate court when it seeks to reweigh aggravating circumstances against mitigating circumstances in light of finding an invalid aggravating circumstance. These decisions are "intervening decisions" which Gilliard claims would actually adversely affect the outcome of his sentence, Miss. Code Ann. § 99-39-27(9), and except him from the successive writ bar as to this issue as a matter of state law.
As a matter of federal constitutional law, the U.S. Supreme Court's decision in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), held that a constitutional rule which breaks new ground, imposes a new obligation on the states or federal government, or was not dictated by precedent existing at the time a person's conviction became final would not be applied to cases on federal habeas review unless the rule either places certain kinds of primary, private individual conduct beyond the power of the state to prohibit or the rule is a rare watershed rule of criminal procedure or is a bedrock procedural element.
The U.S. Supreme Court's recent decision in Stringer v. Black, ___ U.S. ___, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992), held that Maynard did not "break new ground" for purposes of Teague analysis but was controlled by Godfrey v. Georgia, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980). Stringer, ___ U.S. at ___, 112 S.Ct. at 1135, 117 L.Ed.2d at 377. Gilliard's Maynard v. Cartwright/Clemons v. Mississippi claim, not being Teague barred, will be considered for purposes of federal habeas review. Beyond a Teague bar, however, the federal courts will still not review a claim if a state court decides an issue on the separate and independent grounds of a consistently applied procedural bar. See Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992).
This Court now decides, as a matter of state law, if it will consider these cases as intervening decisions which will except Gilliard from the successive writ bar under the Uniform Post-Conviction Relief Act and Miss.Sup.Ct.R. 22. In order for these decisions to except Gilliard from the successive writ bar, he must demonstrate that these decisions would have "actually adversely affected" the outcome of his sentence. Miss. Code Ann. § 99-39-27(9).
In determining whether or not Gilliard has demonstrated that the decisions of Maynard v. Cartwright and Clemons v. Mississippi would have actually adversely affected the outcome of this sentence, this Court analyzes the merits of his claim that the "especially heinous" factor without limiting instruction is unconstitutionally vague, did not properly channel the jury's sentencing decision, and therefore violates the Eighth Amendment. These points have already been determined in Maynard v. Cartwright and accepted by this Court. See, e.g. Pinkney v. State, 602 So.2d 1177 (Miss. 1992); Jones v. State, 602 So.2d 1170, 1172 (Miss. 1992); Shell v. State, 595 So.2d *375 1323 (Miss. 1992); Clemons v. State, 593 So.2d 1004 (Miss. 1992).
This Court has already determined that as a matter of state law it has no authority to reweigh. See Clemons, 593 So.2d at 1005; Shell, 595 So.2d at 1324; Jones, 602 So.2d at 1172-73; Pinkney, 602 So.2d at 1178. This Court has, however, left open the possibility of harmless-error analysis in Clemons, Shell, Jones, and Pinkney  although the Court did not find harmless error in the sentencing of those four defendants because of the invalid aggravating circumstance of "especially heinous."
Again, this Court does not apply a harmless-error analysis to Gilliard in this case. This Court is not convinced beyond a reasonable doubt that, under the facts of this case, a jury with a limiting definition of the "especially heinous, atrocious, or cruel" term would have returned the same verdict.
However, and more importantly, although the Clemons decision did not prevent a state appellate court from reweighing the aggravating and mitigating circumstances from a federal constitutional stance, this Court has held that as a matter of Mississippi statutory law that:
[o]nly the jury, by unanimous decision, can impose the death penalty; as to aggravating circumstances, this Court only has the authority to determine whether the evidence supports the jury's or judge's finding of a statutory aggravating circumstance. There is no authority for this Court to reweigh remaining aggravating circumstances when it finds one or more to be invalid or improperly defined, nor is there authority for this Court to find evidence to support a proper definition of an aggravating circumstance in order to uphold a death sentence by reweighing. Finding aggravating and mitigating circumstances, weighing them, and ultimately imposing a death sentence are, by statute, left to a properly instructed jury.
Clemons, 593 So.2d at 1006.
This Court now concludes that the Maynard/Clemons cases would, as a matter of state law, be intervening decisions which would except the application of the successive writ bar of the Uniform Post-Conviction Relief Act and Mississippi Supreme Court Rule 22.
Gilliard has successfully hurdled the successive writ bar, for the Court holds that the Maynard/Clemons decisions would have actually adversely affected the outcome of his sentence.

2. Procedural Bar
Now that this Court finds that Gilliard has successfully hurdled the successive writ bar, it must next turn to a procedural-bar analysis. The necessity for this analysis is that this Court has held that intervening decision alone does not preclude a procedural bar under Miss. Code Ann. § 99-39-21. Wiley v. State, 517 So.2d 1373 (Miss. 1987) (procedural bar of waiver, § 99-39-21(1)).
The State urges the application of procedural bar of res judicata under § 99-39-21(3) to Gilliard, stating "The doctrine of res judicata shall apply to all issues, both factual and legal, decided at trial and on direct appeal." Unlike the procedural bar of waiver, the procedural bar of res judicata does not contain the exception of "cause and prejudice." Gilliard has, at all relevant times, raised the issue of the "especially heinous" factor, and the issue has been decided against him.
It is also clear from Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), that the vagueness of the "especially heinous" factor is a matter of Eighth Amendment constitutional violation. This Court has looked beyond a procedural bar in instances where the error was of constitutional dimensions. Smith v. State, 477 So.2d 191 (Miss. 1985) (Erroneous sentencing under the habitual statute, § 99-19-83 is of constitutional dimension and will be corrected despite the procedural bar of waiver).
In Irving v. State, 498 So.2d 305, 311 (Miss. 1986), this Court, in discussing procedural bar on Irving's first petition for post-conviction relief, noted: "[A]n alleged error should be reviewed, in spite of any procedural bar, only where the claim is so novel *376 that it has not previously been litigated, or, perhaps, where an appellate court has suddenly reversed itself on an issue previously thought settled." The United States Supreme Court in Clemons v. Mississippi for the first time unequivocally settled the point that a death sentence cannot be upheld by an appellate court in light of one invalid aggravating circumstance without detailed reweighing or harmless-error analysis. This Court had consistently upheld death sentences involving an invalid aggravating circumstance on the basis that at least one other aggravating circumstance was valid. See, e.g., Nixon v. State, 533 So.2d 1078, 1099 (Miss. 1988); Lanier v. State, 533 So.2d 473, 491 (Miss. 1988); Faraga v. State, 514 So.2d 295, 309 (Miss. 1987); Johnson v. State, 511 So.2d 1333, 1337 (Miss. 1987); Stringer v. State, 500 So.2d 928, 945 (Miss. 1986); Wiley v. State, 484 So.2d 339, 351 (Miss. 1986); Edwards v. State, 441 So.2d 84, 92 (Miss. 1983). The U.S. Supreme Court consistently upheld these decisions on petition for writ of certiorari. See, e.g., Zant v. Stephens, 462 U.S. 862, 880-84, 103 S.Ct. 2733, 2744-46, 77 L.Ed.2d 235, 252-54 (1983).
Thus, an appellate court has "suddenly reversed itself on an issue previously thought settled," such that the bar of res judicata ought not apply to Gilliard. Gilliard has raised this issue at every relevant point and he should not now be prevented from seeking relief on this issue in light of recent case law which could afford him relief. This Court holds that the bar of res judicata should not be applied to Gilliard because it is of constitutional dimension.

III. CONCLUSION
As to Assignment No. 3, Gilliard challenged the admission into evidence of his prior conviction of armed robbery as an involuntary, unconstitutional prior conviction. This issue is moot in light of this Court's decision per curiam on September 22, 1992, denying his post-conviction relief petition in Cause No. 89-KA-0635.
Regarding the other challenges of Gilliard in this petition, this Court does not address them in view of the foregoing analysis on the first assignments.
Gilliard's conviction of capital murder remains undisturbed. His sentence of death is vacated on separate and independent state law grounds, and this cause is remanded to the Jones County Circuit Court for the impaneling of another sentencing jury to determine punishment consistent with this opinion.
DEATH PENALTY VACATED; REMANDED TO JONES COUNTY CIRCUIT COURT FOR RESENTENCING.
HAWKINS, and DAN M. LEE, P.JJ., and SULLIVAN, BANKS, and McRAE, JJ., concur.
ROY NOBLE LEE, C.J., dissents with separate written opinion, joined by ROBERTS, J.
PITTMAN, J., not participating.
ROY NOBLE LEE, Chief Justice, dissenting:
The majority again adheres to its view first espoused in Clemons v. State, 593 So.2d 1004 (Miss. 1992) that this Court does not have the authority to reweigh aggravating circumstances in cases where the jury was given the "especially heinous, atrocious or cruel" aggravating circumstance invalidated by Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988).
Believing that this Court does have such authority, I adopt my previous dissenting opinions in Clemons, Pinkney v. State, 602 So.2d 1177 (Miss. 1992); Jones v. State, 602 So.2d 1170 (Miss. 1992); Shell v. State, 595 So.2d 1323 (Miss. 1992); and now in Gilliard v. State, see page 371.
ROBERTS, J., joins this dissent.
NOTES
[1] One of the issues raised concerns access to certain witness statements. Since the trial of this case, Rule 4.06 of the Uniform Criminal Rules of Circuit Court has been amended to provide access to all statements made by witnesses.