635 So.2d 802 (1993)
William L. WILEY
v.
STATE of Mississippi.
No. 03-DP-0057.
Supreme Court of Mississippi.
October 7, 1993.
Rehearing Denied December 23, 1993.
T.H. Freeland, IV, Freeland Freeland & Wilson, Oxford, James T. McDermott, Coleman S. Hicks, Steven Semeraro, Covington & Burling, Washington, DC, for petitioner.
Michael C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for respondent.
En Banc.

*803 ON MOTION AND APPLICATION OF WILLIAM L. WILEY FOR A LIFE SENTENCE OR, IN THE ALTERNATIVE, FOR A NEW SENTENCING HEARING

PRATHER, Presiding Justice, for the court:

I. Procedural History
William L. Wiley was convicted of capital murder and sentenced to death pursuant to a jury verdict in the Circuit Court of DeSoto County on February 19, 1982. This Court affirmed the conviction of capital murder, but reversed the sentence of death and remanded for a new sentencing hearing. Wiley v. State, 449 So.2d 756 (Miss. 1984). A second sentence of death was entered upon jury verdict on June 20, 1984, and affirmed by this Court. Wiley v. State, 484 So.2d 339 (Miss. 1986), overruled by Willie v. State, 585 So.2d 660 (Miss. 1991). Wiley's Petition for Writ of Certiorari to the United States Supreme Court was denied. Wiley v. Mississippi, 479 U.S. 906, 107 S.Ct. 304, 93 L.Ed.2d 278 (1986) (Wiley II). Wiley next applied for post-conviction relief pursuant to the Mississippi Post Conviction Collateral Relief Act, Miss Code Ann. § 99-39-1 et seq, and this Court denied relief. Wiley v. State, 517 So.2d 1373 (Miss. 1987). A Petition for Writ of Certiorari and for Rehearing was denied by the United States Supreme Court. Wiley v. Mississippi, 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 610 (1988) (Wiley III).
On September 1, 1988, Wiley filed a Petition for Writ of Habeas Corpus in the United States District Court for the Northern District of Mississippi, and in an unpublished opinion, he was denied relief on May 4, 1990, by that Court. In Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), the United States Supreme Court held that in a capital murder case the "especially heinous, atrocious or cruel" aggravating circumstance is unconstitutionally vague unless given with a limiting instruction to channel the jury's fact finding and, therefore, is constitutionally infirm. Thereafter, the United States Supreme Court rendered the opinion of Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990).
In Clemons, the United States Supreme Court focused on the effect that an invalid aggravating circumstance would have on the capital-sentencing determination in a state which weighed aggravating and mitigating circumstances. The United States Supreme Court held that there was no federal Eighth Amendment constitutional prohibition of an appellate court's reweighing the remaining valid aggravating factors and the mitigating evidence or of employing a harmless error analysis and "salvag[ing] a death sentence." The federal court acknowledged that the Mississippi Supreme Court would have to interpret Mississippi law and how it would interact with permissible federal standards.
On September 1, 1988, Wiley filed a petition for Writ of Habeas Corpus in the United States District Court for the Northern District of Mississippi. The Court denied the petition in an unpublished opinion and order on May 4, 1990.
William Wiley then sought in the United States Court of Appeals for the Fifth Circuit a certificate of probable cause to appeal the district court's denial of his petition for Writ of Habeas Corpus.
On July 20, 1982, the Fifth Circuit vacated the judgment of the district court insofar as it held that there was no constitutional error in the jury's reliance on the "especially heinous, atrocious, or cruel" aggravating circumstance. Wiley v. Puckett, 969 F.2d 86 (5th Cir.1992). The Fifth Circuit remanded the case to the district court with instructions to grant the Writ if the state did not "initiate whatever state court proceedings it finds appropriate, including seeking a life sentence," within a reasonable time. Id. at 94.
The Fifth Circuit relied extensively on three intervening decisions of the United States Supreme Court entitling petitioner to additional post-conviction review in this Court. See Id. at 89-94 (citing Stringer v. Black, 583 U.S. ___, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992); Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990); Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). See also Irving v. State, 618 So.2d 58 (Miss. 1992) ("Maynard and Clemons would have *804 `actually adversely affected a petitioner's sentence"); Gilliard v. State, 614 So.2d 370 (Miss. 1992) (holding that these cases are "as a matter of state law ... intervening decisions which would except the application of the successive writ bar of the Post-Conviction Relief Act and Mississippi Supreme Court Rule 22"); Miss. Code Ann. §§ 99-39-5(2), 99-39-23(6), and 99-39-27(9) (Supp. 1993).
Developments in state law subsequent to this Court's last decision in Wiley's case in 1987 also make clear that Wiley's death sentence would not be affirmed if it came before this Court today. See Clemons v. State, 593 So.2d 1004, 1006-07 (Miss. 1992) (holding jury's consideration of the undefined "especially heinous" circumstance not harmless error); Shell v. State, 595 So.2d 1323, 1325 (1992); Pinkney v. State, 602 So.2d 1177 (Miss. 1992); Jones v. State, 602 So.2d 1170 (Miss. 1992); Gilliard, 614 So.2d 370 (Miss. 1992); Willie v. State, 585 So.2d at 680-81 (Miss. 1991) (holding that duplication of robbery and pecuniary gain circumstances is reversible error and reaffirming impropriety of victim impact evidence); Griffin v. State, 557 So.2d 542, 551-53 (Miss. 1990) (holding improper remarks and tactics that were virtually identical to those that Wiley's prosecutor used). See also Irving v. State, 618 So.2d 58 (Miss. 1992); Reddix v. State, 547 So.2d 792, 795 (Miss. 1989) (imposing life sentence on remand from federal court); Bullock v. State, 525 So.2d 764, 770 (Miss. 1987).
On February 23, 1993, Wiley filed this Motion and Application of William L. Wiley for a Life Sentence, or, In the Alternative, For a New Sentencing Hearing, stating that he did so due to the State's failure to initiate proceedings as directed by the Fifth Circuit. On April 6, 1993, the State filed a Response to Motion and Application ... and Motion to Reaffirm the Sentence of Death. In its motion, the State requests that this Court treat its response and motion as the initiation of proceedings "to have this Court perform a harmless error review of the sentence of death in this case or to perform a reweighing of the aggravating and mitigating circumstances."

II. Preservation of Issues
Section 99-39-21(6) of the Post-Conviction Collateral Relief Act requires a petitioner to allege facts that demonstrate his claims are not procedurally barred. As this case has been returned to our Court pursuant to orders of the Fifth Circuit Court of Appeals and the United States District Court, no procedural bar may be applied. Therefore, Wiley's claim is viable.

III. Analysis
Except for the fact that Wiley filed the first pleading in this Court requesting relief, this case is in exactly the same procedural posture as Wilcher v. State, 635 So.2d 789 (Miss. 1993). As in Wilcher, the Court has already decided the issue of reweighing or harmless error analysis in Clemons and progeny. Clemons v. State, 593 So.2d 1004 (Miss. 1992). This Court holds that Clemons and its progeny control this decision and denies Wiley's motion for a life sentence, but grants his motion for a new sentencing hearing. The State's Motion to Reaffirm the sentence of death is denied, and this Court remands this case to the Circuit Court of DeSoto County for a new sentencing hearing.
MOTION AND APPLICATION OF WILLIAM L. WILEY FOR A LIFE SENTENCE DENIED. IN THE ALTERNATIVE, WILEY'S MOTION AND APPLICATION FOR A NEW SENTENCING HEARING GRANTED, DEATH PENALTY VACATED AND CAUSE IS REMANDED TO DeSOTO COUNTY CIRCUIT COURT FOR A RESENTENCING HEARING IN LIGHT OF MAYNARD AND CLEMONS DECISIONS, INFRA.
HAWKINS, C.J., and SULLIVAN, BANKS and McRAE, JJ., concur.
McRAE, J., concurs with separate written opinion joined by HAWKINS, C.J., and SULLIVAN and BANKS, JJ.
SMITH, J., dissents with separate written opinion joined by DAN M. LEE, P.J., and JAMES L. ROBERTS, JR., J.
*805 DAN M. LEE, P.J., dissents with separate opinion.
PITTMAN, J., not participating.
McRAE, Justice, concurring:
I concur with the results reached by the majority opinion for the reasons stated in my specially concurring opinion in Wilcher v. State, 635 So.2d 789 (Miss. 1993).
HAWKINS, C.J., and SULLIVAN and BANKS, JJ., join this opinion.
SMITH, Justice, dissenting:
The habeas corpus relief afforded Wiley by the Fifth Circuit Court of Appeals resulted in Wiley's filing a Motion and Application for a Life Sentence, or, In the Alternative, For a New Sentencing Hearing, for this Court's further consideration, in view of Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990).
In Clemons, the United States Supreme Court authorized the Mississippi Supreme Court itself to conduct the reweighing process or consider application of harmless error analysis, or that this Court could alternatively remand to the trial court or jury to conduct weighing. In Clemons and five subsequent cases, this Court left open the possible application of harmless error analysis in "appropriate" cases.
However, this Court in Wilcher v. State, 635 So.2d 789 (Miss. 1993), held that we could not engage in harmless error analysis. I dissented in Wilcher where the identical questions were involved as the case at bar. The only exception is that while Wiley filed his first pleading requesting relief before this Court, Wilcher did not. I therefore adopt my dissent in Wilcher because the issues are identical.
I respectfully dissent.
DAN M. LEE, P.J., and JAMES L. ROBERTS, JR., J., join this opinion.
DAN M. LEE, Presiding Justice, dissenting:
Consistent with the views expressed in my dissent in Wilcher v. State, 635 So.2d 789, I again join Justice James W. Smith insofar as he advocates this Court's duty to uphold sentences of death where the error below was harmless and where concerns for finality of judgment so dictate.