638 So.2d 1285 (1994)
James R. STRINGER
v.
STATE of Mississippi.
No. 94-DP-00195.
Supreme Court of Mississippi.
June 22, 1994.
Kenneth J. Rose, Durham, NC and James E. Ostgard, Minneapolis, MN, for petitioner.
Michael C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., and Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for respondent.
En banc.
HAWKINS, Chief Justice, for the Court:

I.
Again by application under our Post-Conviction Relief Act, a death row prisoner asks that we vacate his death sentence because the jury instruction regarding one of the aggravating factors was that the capital murder was "especially heinous, atrocious or cruel." Steadfastly, the State maintains that this Court should affirm imposition of the death penalty by engaging in the federal constitutional reweighing of the remaining aggravating and mitigating circumstances or by conducting traditional harmless error review. Consistent with our holding on the same issue in Clemons v. State, 593 So.2d 1004 (Miss. 1992), and following cases, we decline the State's invitation, vacate the death sentence and remand to the Hinds County Circuit Court for a new sentencing hearing.
James R. Stringer was convicted of capital murder by the Hinds County Circuit Court jury during the September 1982 term of that court. He planned the robbery and killing of Mr. and Mrs. Ray McWilliams committed on June 21, 1982, in the McWilliams' Jackson, Mississippi, home.

II.
This Court affirmed Stringer's conviction and death sentence in Stringer v. State, 454 So.2d 468 (Miss. 1984), cert. denied, Stringer v. Mississippi, 469 U.S. 1230, 105 S.Ct. 1231, 84 L.Ed.2d 368 (1985); the first petition for post-conviction relief was denied in Stringer v. State, 485 So.2d 274 (Miss. 1986), cert. denied, Stringer v. Mississippi, 479 U.S. 922, *1286 107 S.Ct. 327, 93 L.Ed.2d 300 (1986); federal habeas corpus relief was denied by the district court in Stringer v. Scroggy, 675 F. Supp. 356 (S.D.Miss. 1987).
While Stringer's case was pending on appeal in the United States Court of Appeals for the Fifth Circuit from the denial of habeas corpus relief, he filed a second Application for Leave to File Motion to Vacate Death Sentence with this Court on July 10, 1990. The State responded to this Motion on November 6, 1990.
The Fifth Circuit affirmed the district court's denial of habeas corpus relief. Stringer v. Jackson, 862 F.2d 1108 (5th Cir.1988), reh. denied, 866 F.2d 1417 (5th Cir.1989). On petition for writ of certiorari in the United States Supreme Court, the high court vacated the sentence of death and remanded the case to the Fifth Circuit for further consideration in light of Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). Stringer v. Black, 494 U.S. 1074, 110 S.Ct. 1800, 108 L.Ed.2d 931 (1990). On remand the Fifth Circuit again denied relief. Stringer v. Jackson, 909 F.2d 111 (5th Cir.1990). Certiorari was again applied for and granted. The United States Supreme Court again vacated the sentence of death and remanded the case to the Fifth Circuit. Stringer v. Black, 503 U.S. ___, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992). On remand the Fifth Circuit instructed the district court that the case should be remanded to the state courts so that a reweighing of aggravating and mitigating circumstances or harmless error analysis could be performed. Stringer v. Black, 979 F.2d 38 (5th Cir.1992).
On remand to the United States District Court for the Southern District of Mississippi the following order was issued on December 29, 1992:
IT IS HEREBY ORDERED that the Court shall issue a writ of habeas corpus as to Petitioner James R. Stringer's death sentence unless the State of Mississippi initiates proceedings to have the state court reweigh any aggravating and mitigating circumstances or conduct a harmless error analysis as set forth in Clemons v. Mississippi, 494 U.S. 738 [110 S.Ct. 1441, 108 L.Ed.2d 725] (1990), and Wiley v. Puckett, 969 F.2d 86 (5th Cir.1992), no later than June 28, 1993.
On June 25, 1993, the State filed a document entitled "Notice of Federal Court Proceedings" with this Court. Thereafter, Stringer filed a motion with the federal district court to issue the writ of habeas corpus arguing that the State had not complied with the Order by initiating proceedings in the state courts, contending that the document filed with this Court was insufficient to comply with the federal court order.
On October 29, 1993, the District Court entered an Opinion and Order holding that the document filed with this Court did comply with its order. Stringer filed a motion to alter or amend again arguing that the document was insufficient and that the District Court should issue the writ and either require a life sentence or a resentencing before a jury. On February 4, 1994, the District Court entered an Opinion and Order again holding that the State's filing was sufficient to comply with its order. However, the court further held that unless Stringer were resentenced by July 1, 1994, that the writ of habeas corpus would be issued and he would be released from State custody.
The State perfected an appeal from the above mentioned District Court's Order on March 4, 1994. On May 30, 1994, the United States Court of Appeals for the Fifth Circuit entered an Order affirming the District Court's February 4, 1994, Order. Stringer v. Lucas, 25 F.3d 1043, No. 94-60158 (5th Cir.1994).[1]

III.
Stringer filed in this Court an Application for Leave to File a Motion to Vacate Death Sentence on July 10, 1990. His principal claim is that the United States Supreme Court decisions in Clemons v. Mississippi, *1287 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990); and Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988) are intervening decisions which actually adversely affect the outcome of his sentence. Miss. Code Ann. § 99-39-27(9) (Supp. 1993). In response, the State claims that Stringer's successive application under the Post-Conviction Relief Act is procedurally barred and should be dismissed. We are directed to Stringer's lengthy court action reflected in the procedural history outlined above. Further, the State claims that those decisions announce a "new rule" and, therefore, have no retroactive application. This argument has since been rejected by the United States Supreme Court in Stringer v. Black, 503 U.S. ___, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992), and by this Court in Gilliard v. State, 614 So.2d 370 (Miss. 1992).
[T]he precedents even before Maynard and Clemons yield a well-settled principle: use of a vague or imprecise aggravating factor in the weighing process invalidates the sentence and at the very least requires constitutional harmless-error analysis or reweighing in the state judicial system.
Stringer v. Black, 503 U.S. at ___, 112 S.Ct. at 1143, 117 L.Ed.2d at 383.
This Court in Gilliard held:
This Court now concludes that the Maynard/Clemons cases would, as a matter of state law, be intervening decisions which would except the application of the successive writ bar of the Uniform Post-Conviction Relief Act and Mississippi Supreme Court Rule 22.
Gilliard, 614 So.2d at 375.

IV.
In Clemons v. State, 593 So.2d 1004 (Miss. 1992), the same unconstitutionally vague sentencing instruction  "especially heinous, atrocious or cruel"  was discussed. In that case, we stated:
[W]e must decide, as a matter of state law, our authority to reweigh aggravating and mitigating circumstances in order to uphold a death sentence which is based in part upon an improperly defined aggravating circumstance.
593 So.2d at 1005.
We concluded:
Because we have no authority as a matter of state law to engage in a reweighing analysis, and because under the facts of this case we eschew harmless error analysis, we hold that it is for the jury, rather than this Court, to decide under the facts of this case and with proper and properly defined aggravating circumstances, weighed against mitigating circumstances, whether Clemons shall be sentenced to death or life imprisonment.
593 So.2d at 1007.
We remanded that case to the Circuit Court to impanel another sentencing jury to consider punishment. We have followed Clemons in the following death penalty cases which involved the same unconstitutionally vague sentencing instruction: Irving v. State, 618 So.2d 58 (Miss. 1992); Gilliard v. State, 614 So.2d 370 (Miss. 1992); Pinkney v. State, 602 So.2d 1177 (Miss. 1992); Jones v. State, 602 So.2d 1170 (Miss. 1992); Shell v. State, 595 So.2d 1323 (Miss. 1992); Wilcher v. State, 635 So.2d 789 (1993); Wiley v. State, 635 So.2d 802 (1993); Woodward v. State, 635 So.2d 805 (1993).
Stringer has met his burden of proof and we grant his application.

V.
We vacate the death sentence and remand to the Circuit Court of Hinds County, Mississippi, for a new sentencing hearing. Stringer's motion for leave to proceed in forma pauperis is granted. The State's motion to expedite is denied as moot.
SENTENCE VACATED AND REMANDED TO THE HINDS COUNTY CIRCUIT COURT FOR A NEW SENTENCING HEARING.
PRATHER, P.J., and SULLIVAN, BANKS and McRAE, JJ., concur.
*1288 DAN M. LEE, P.J., and SMITH, J., dissent with separate written opinions joined by JAMES L. ROBERTS, Jr., J.
PITTMAN, J., not participating.
DAN M. LEE, Presiding Justice, dissenting:
Under Clemons v. Mississippi, 494 U.S. at 751-54, 110 S.Ct. at 1450-51, 108 L.Ed.2d at 741-42, an appellate court in a weighing state can affirm a death sentence "tainted" by a vague aggravating instruction as to the especially heinous, atrocious or cruel circumstances of the homicide so long as the court found that the vague aggravating instruction constituted harmless error beyond a reasonable doubt. Id., 494 U.S. at 753-54, 110 S.Ct. at 1451, 108 L.Ed.2d at 741 (relying on Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710-11 (1967)).
Consistent with my dissenting opinions in Irving v. State, 618 So.2d 58, 63-64, Wilcher v. State, 635 So.2d 789 (Miss. 1993), and Wiley v. State, 635 So.2d 802 (Miss. 1993), I believe this is also a proper case for this Court to find that the vague aggravating instruction concerning especially heinous, atrocious or cruel circumstances of the homicide as defined in Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) was, at the most, harmless error beyond a reasonable doubt. Therefore, I would deny Stringer's Motion to Vacate Death Sentence.
JAMES L. ROBERTS, Jr., J., joins this opinion.
SMITH, Justice, dissenting:
Consistent with my dissents in Wilcher v. State, 635 So.2d 789 (Miss. 1993), Wiley v. State, 635 So.2d 802 (Miss. 1993), and that applicable part in Woodward v. State, 635 So.2d 805 (Miss. 1993) all of which involve the same question as the case at bar, I respectfully dissent here for the same reasons and adopt my dissent in Wilcher, supra.
JAMES L. ROBERTS, Jr., J., joins this opinion.
NOTES
[1] The February 4, 1994, opinion of the United States District Court was first brought to the attention of this Court on May 31, 1994, by a motion filed by the Attorney General styled, "Motion to Expedite Consideration of Petitioner's Application for Leave to File Motion to Vacate Sentence."