SMITH, Justice,
concurring in part, dissenting in part:
I concur in the Court’s decision re-affirming Nixon’s conviction, death sentence and denial of his petition for post-conviction relief, as procedurally barred, but would add a word. The majority opinion preserves this Court’s confidence in the results of Gilliard v. State, 614 So.2d 370 (Miss.1992), in which this Court held Clemons v. Mississippi 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), to be an intervening decision and thus controlling in Gilliard. Subsequent to Gilliard, this Court handed down similar opinions with identical controlling findings in a series of eases including Wilcher v. State, 635 So.2d 789, 797 (Miss.1993), and Wiley v. State, 635 So.2d 802 (Miss.1993). I dissented from the majority opinion in both Wilcher and Wiley, maintaining that Clemons was not an intervening decision, but rather re-affirming and strengthening of a legal concept first established by the United States Supreme Court in Godfrey v. Georgia, 446 U.S. 420,100 S.Ct. 1759, 64 L.Ed.2d 398 (1990). I prefer my applicable reasoning and results in my dissent in Wilcher and adopt those appropriate portions of that opinion in support of this concurring view.
The majority view in Clemons v. State, 593 So.2d 1004 (Miss.1992), should have applied and adopted the test set forth in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), thereby altering their decision in Clemons and the subsequent series of similar holdings in other death penalty cases during 1992 and 1993.
DAN M. LEE, P.J., and JAMES L. ROBERTS, Jr., J., join this opinion.