342 So.2d 744 (1977)
Andrew Lee HENDERSON
v.
STATE of Mississippi.
No. 49471.
Supreme Court of Mississippi.
February 16, 1977.
Luckett, Luckett, Luckett & Thompson, W.O. Luckett, Jr., Clarksdale, for appellant.
A.F. Summer, Atty. Gen. by John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, SMITH and WALKER, JJ.
*745 SMITH, Justice.
Andrew Lee Henderson was convicted in the Circuit Court of Coahoma County of capital murder under section 97-3-19(2)(e), Mississippi Code Annotated (Supp. 1976) and sentenced to death. Among several matters assigned as error the constitutionality of the death penalty statute is challenged. This question was dealt with in Jackson v. State, 337 So.2d 1242 (Miss. 1976) and in keeping with the Court's conclusions in that decision this case must be reversed and remanded for a new trial.
Of the other matters assigned and argued as having constituted reversible error only one merits comment.
The writing signed by Henderson purporting to constitute his confession of guilt was offered by the State and received in evidence over Henderson's objection that the State had failed to establish its voluntariness in the manner required in Agee v. State, 185 So.2d 671 (Miss. 1966) and its progeny.
While it is considered unnecessary to repeat what this Court has said explicitly in its former decisions on the subject, we commend to the prosecuting authorities that they reread and follow them upon retrial of this case, if the confession is again to be offered. In addition to Agee, the following cases are pertinent: Rogers v. State, 338 So.2d 1005 (Miss. 1976); Curry v. State, 328 So.2d 328 (Miss. 1976); Jordan v. State, 320 So.2d 376 (Miss. 1975); McNeil v. State, 308 So.2d 236 (Miss. 1975).
In his brief and in oral argument Henderson's counsel specifically designate Patrolman Sims and Polygraph Operator Edwards as officials who should have been offered by the State to rebut Henderson's assertion that they were present or participated in threats and menaces directed toward him for the purpose of inducing him to confess. We hold that, in the light of Henderson's testimony, they should have been offered or a cogent reason produced for the inability of the State to offer them. The procedure set out in the cases cited above should be followed.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.