348 So.2d 1025 (1977)
Alvin CULBERSON
v.
STATE of Mississippi.
No. 49897.
Supreme Court of Mississippi.
August 10, 1977.
Roger Dean Harris, Biloxi, for appellant.
A.F. Summer, Atty. Gen., by Catherine W. Underwood, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, SUGG and BROOM, JJ.
BROOM, Justice, for the Court:
Death sentence resulted from trial of Culberson (appellant) in the Harrison County Circuit Court, Second Judicial District, upon a capital murder indictment. Appellant's assignments of error and brief relate to (1) constitutionality of the Mississippi death penalty statute as it existed prior to Jackson v. State, 337 So.2d 1242 (Miss. 1976), handed down subsequent to Culberson's trial, and (2) the weight of the evidence. We would affirm except, as conceded by the state, retrial must be ordered under United States Supreme Court decisions adhered to by Jackson requiring bifurcated trials in death penalty cases.
The state's evidence shows that on January 31, 1975, appellant shot and killed Grady V. Evans, a route salesman, while Evans was stopped at a business establishment near Gulfport, Mississippi. Evans had accepted an order for merchandise from an employee of the establishment, and went outside to his truck to fill the order. While Evans was outside, appellant struck him with a stick back of the neck. Apparently appellant intended to rob Evans and, after striking him with the stick, shot him with a pistol. The jury accepted the state's evidence and rejected appellant's defense based upon an alibi.
Pursuant to Jackson, supra the case must be retried with bifurcated aspects as to the separate phases of guilt-finding and sentence-determination. Caldwell v. State, 347 So.2d 1389, decided by this Court on July 20, 1977; Jones v. State, 342 So.2d 735 (Miss. 1977); Henderson v. State, 342 So.2d 744 (Miss. 1977); Ivey v. State, 341 So.2d 918 (Miss. 1977).
There is no merit to the proposition argued by appellant that the conviction is contrary to the weight of the evidence. Testimony of co-defendant Alvarese Pittman (who turned state's evidence) was sufficient to establish the murder, and his testimony was supported by testimony of other nearby witnesses and by the physical facts. Pittman described how the appellant first struck Evans with a stick and then shot him. According to Pittman, he and Culberson then fled. Nearby witnesses heard the shot and saw the two defendants fleeing and were able to describe their appearance and clothing. To the contrary, appellant's girl friend, as did other witnesses, supported his alibi which was rejected by the jury. The record shows that the testimony of appellant's accomplice (co-defendant) is neither unreasonable or uncorroborated, and raised a classic jury question. *1026 Upon this posture of the case, it was for the jury to determine the credibility of the witnesses and we cannot say that the jury verdict was not adequately supported by competent testimony. No other argument raised by appellant merits discussion.
Accordingly, the conviction must be reversed and the case remanded for trial with bifurcation in accordance with Jackson.
REVERSED AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, LEE and BOWLING, JJ., concur.