456 So.2d 697 (1984)
Alvin CULBERSON
v.
STATE of Mississippi.
No. 55031.
Supreme Court of Mississippi.
September 19, 1984.
Joseph Leray McNamara, Wise Carter Child & Caraway, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by William S. Boyd, III and Charles W. Maris, Jr., Sp. Asst. Attys. Gen., Jackson, for appellee.
Before WALKER, P.J., and BOWLING and HAWKINS, JJ.
BOWLING, Justice, for the Court:
Appellant Alvin Culberson twice has been convicted of capital murder and sentenced to death. On his first appeal [Culberson v. State, 348 So.2d 1025 (Miss. 1977)], his conviction was reversed because he was not given a bifurcated trial as required in capital murder trials under the decision of this Court in Jackson v. State, 337 So.2d 1242 (Miss. 1976). On the second appeal, [Culberson v. State, 379 So.2d 499 (Miss. 1979)], this Court affirmed Culberson's conviction and sentence of death.
After exhausting all required remedies in this Court, Culberson filed a Petition for Permission to File a Petition for Writ of Error Coram Nobis with the Circuit Court of Harrison County, in which court appellant was convicted and sentenced. The petition initially filed here was pursuant to the provisions of Mississippi Code Annotated, Section 99-35-145 (1972). The petition proposed to be filed in the Circuit Court of Harrison County alleged a number of reasons it should be granted.
This Court, after careful consideration, found that the petition to file a petition for writ of error coram nobis should be granted. [412 So.2d 1184 (Miss. 1982)].
The opinion and order granting appellant's petition provided that "[a]ccordingly, we grant the petition for a writ of error coram nobis and remand the case for an evidentiary hearing to determine whether Culberson told his attorney he wanted to testify as a witness in his own behalf and whether the attorney disregarded the request and refused to permit Culberson to testify at either the guilt phase or sentencing phase of his trial." The original petition filed before this Court, as stated, set out a large number of grounds by appellant alleging that his trial attorney was ineffective. One of these many grounds was that set out above in this Court's order granting the petition on a limited basis. We found that there was no merit to the other allegations of appellant's petition.
The Circuit Court of the First Judicial District of Harrison County received evidence on the petition for writ of error coram nobis and after conclusion of the trial, rendered its opinion on November 1, 1982, finding as follows:
1. Culberson told his attorney he wanted to testify as a witness in his own behalf.

*698 2. The attorney did not disregard the defendant's request but advised him against it because of the previous convictions of the defendant, and for this reason the defendant did not testify.
3. The attorney did not refuse to permit Culberson to testify at either the guilt phase or the sentencing phase of his trial.
On the appeal, appellant propounds numerous assignments of error alleged to have been committed by the lower court, the first being "Culberson was unconstitutionally denied the right to testify."
We consider only this assignment of error for the following reason: Under this Court's order granting permission to file the Petition for Writ of Error Coram Nobis, the court at that time fully considered all reasons for requesting the petition and found that only one question could or should be considered by the trial court under the petition. This was, as hereinbefore stated and as stated in the first assignment of error now before us, that Culberson was allegedly refused permission to testify at his trial.
All of the other assignments of error now presented in this appeal either previously have been disposed of by this Court or all are procedurally barred, except the question granted as to whether or not Culberson was refused permission to testify. A careful study of the opinions heretofore cited confirms these statements.
We carefully have reviewed the evidence submitted to the trial court on the issue it had before it and find that the evidence fully supports the court's order hereinbefore quoted.
We therefore find there is no merit to the appeal from the lower court's order denying appellant's petition for writ of error coram nobis, and that court's order is hereby affirmed.
The original petition for permission to file the petition for writ of error coram nobis was filed as stated under MCA § 99-35-145 (1972). On April 17, 1984, there was signed into law Chapter 378, Senate Bill Number 2186, styled "Mississippi Uniform Post-Conviction Collateral Relief Act." This statute provided that § 99-35-145 "is hereby repealed." The act further provides that it would be effective from and after its passage on April 17, 1984. This statute provided that on affirmance by this Court on appeal for post conviction relief, we shall fix a date, not more than fourteen days distant, for the execution of the stayed death sentence. Repealed MCA § 99-35-145 (1972) required the execution date be set not more than twenty-one days distant. We therefore set the date of execution of the death sentence for appellant Alvin Culberson for Tuesday, October 2, 1984, and order that on that date his execution be carried out according to law.
WALKER, P.J., and HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and PRATHER, J., not participating.