580 So.2d 1136 (1990)
Alvin CULBERSON
v.
STATE of Mississippi.
No. 03-DP-0009.
Supreme Court of Mississippi.
July 25, 1990.
Rehearing Denied May 8, 1991.
Robert B. Wiygul, Gordon Arata McCollam Stuart & Duplantis, New Orleans, La., Catherine V. Kilgore, Batesville, for appellant.
*1137 Mike C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Charlene Robb Pierce, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ROBERTSON, Justice, for the Court:
On the evening of January 31, 1975, potato chip deliveryman Grady Evans exited a business establishment on Old Highway 49 in Harrison County, Mississippi, and was walking toward his truck, when Alvin Culberson, in concert with Alvareece Pittman, accosted him, and in the course of the attempted robbery, Culberson shot and killed Evans. The Circuit Court of Harrison County, Mississippi, sitting with a jury, convicted Culberson of capital murder and sentenced him to death, only to have this Court reverse and remand for a new trial. Culberson v. State, 348 So.2d 1025 (Miss. 1977).
In late 1977, Culberson stood trial again, and, largely on the testimony of accomplice Pittman, he was again found guilty of capital murder and condemned to death. This time this Court affirmed. Culberson v. State, 379 So.2d 499 (Miss. 1979), cert. den. 449 U.S. 986, 101 S.Ct. 406, 66 L.Ed.2d 250 (1980).
Culberson then petitioned this Court for post-conviction relief and said that his conviction and/or sentence should be vacated on numerous grounds. We considered his application and on April 21, 1982, found Culberson entitled to an evidentiary hearing on the limited question of whether he had been denied effective assistance of counsel in the sense that his attorney prohibited him from testifying at either the guilt phase or sentencing phase of his trial. This Court remanded to the Circuit Court, adding
We have considered the other grounds of the writ of error coram nobis and are of the opinion that no evidentiary hearing should be held except on the narrow question heretofore authorized.
Culberson v. State, 412 So.2d 1184, 1187 (Miss. 1982).
In due course, the Circuit Court found that Culberson had not been prevented from testifying in such a manner that his right to effective assistance of counsel was abridged and, on appeal, this Court affirmed, Culberson v. State, 456 So.2d 697 (Miss. 1984), and set a new date on which Culberson should be put to death. En route this Court again noted that Culberson's post-conviction application had asserted other points and grounds and observed, with respect to the Court's April 21, 1982, ruling, that "we found that there was no merit to the other allegations of appellant's petition," Culberson, 456 So.2d at 697. Later in the opinion the Court stated
All of the other assignments of error now presented in this appeal either previously have been disposed of by this Court or all are procedurally barred, except the question granted as to whether or not Culberson was refused permission to testify. A careful study of the opinions heretofore cited confirms these statements.
Culberson, 456 So.2d at 698.
Culberson thereafter applied to the United States District Court for the Southern District of Mississippi for relief from his conviction and/or sentence via federal habeas corpus. In time, the District Court found, with respect to three of the claims Culberson sought to present to that Court, that he had not exhausted his state remedies. These three claims were and are
1) Culberson's claim that the Circuit Court of Harrison County failed to instruct the jury of the contents of the plea bargain arrangement between the prosecuting attorney and Alvareece Pittman, Culberson's accomplice, for leniency in sentence in exchange for Pittman's testimony, and for further instructions regarding the prosecution's handling of the matter involving accomplice Pittman.
2) His claim of ineffective assistance of counsel on direct appeal.
3) He claims the report the trial judge must submit to this Court in conjunction with proportionality review, required by Miss. Code Ann. *1138 § 99-19-105(1) (Supp. 1989) was inadequate.
On the authority of Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) the District Court then stayed its hand and remanded Culberson to the courts of this state for exhaustion of his state remedies, if any, on these three claims, all the while retaining federal jurisdiction of the case and maintaining in effect, pending exhaustion of state remedies, an order for stay of execution.
Parenthetically, it should be noted that, in the proceedings before the United States District Court, the Attorney General of the State of Mississippi had argued that other claims over and above these three had not been "exhausted." Exhaustion is a federal question. Nevertheless, as an expression of comity, the District Court invited this Court to
reconsider any of the state's claims assigned as unexhausted but actually found exhausted by this Court.
While we respect and appreciate the District Court's attitude, we are not about to second guess that Court in its decision on what we perceive a pure question of federal law.
In any event, Culberson has now filed with this Court a new application for post-conviction relief, asserting some seventeen claims  fourteen more than the three the District Court found unexhausted. In his application, Culberson acknowledged his additional claims were (re)tendered in light of the District Court's comity expression.
We have reviewed the entire course of proceedings before this Court. We find inescapable the conclusion that this Court's 1984 order and opinion, Culberson v. State, 456 So.2d 697 (Miss. 1984), contemplated that all proceedings before the courts of the State of Mississippi were at an end. In that order this Court set a new date for execution of sentence. Under these circumstances, we consider it inappropriate that this Court reopen any of these matters or readjudicate any of these claims or revise or further articulate any of the grounds for denying these claims, with the limited exception of the three claims expressly identified by the District Court as being in need of exhaustion.
Culberson's first claim before the Court today is that the Circuit Court failed "to properly inform and instruct the jury of the deal made with Alvareece Pittman." The record before us does reflect Pittman was originally indicted for capital murder along with Culberson, but that he entered a plea of guilty to the reduced charge of manslaughter, that he was sentenced to fifteen years imprisonment, and that he was finally released from custody some eighteen months thereafter. Culberson here points to the prosecution's plea bargain with Pittman and suggests that it infected Pittman's credibility as a witness. In point of fact, one brief colloquy with Pittman advised the Culberson jury that the charge against Pittman had been reduced to manslaughter.
There is no question but that in a criminal trial defense counsel has the right to present to the jury the particulars of a plea bargain made with an accomplice presented by the state to testify against the defendant, and this has been the law for some time now. See Giglio v. United States, 405 U.S. 150, 154-55, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); Suan v. State, 511 So.2d 144, 147-48 (Miss. 1987); Malone v. State, 486 So.2d 367, 368-69 (Miss. 1986); King v. State, 363 So.2d 269, 274 (Miss. 1978). Assuming arguendo that Culberson was of right entitled to have the jury instructed in this regard, the time to raise the point was at trial in October of 1977, before the Circuit Court submitted the case to the jury. The record reflects no request by Culberson or counsel for such instruction, nor do the proceedings before the Court on direct appeal reflect mention of the point. This Court's opinion affirming is simply silent on the subject, Culberson v. State, 379 So.2d 499 (Miss. 1979), this though the disposition of the charge against Alvareece Pittman was a matter of great concern to several of the Justices. See Culberson, 379 So.2d at 513-14 (Patterson, C.J., joined by Smith, P.J. and Broom, J., dissenting from sentence of death); Culberson, 379 So.2d at 514 *1139 (Smith, P.J., joined by Patterson, C.J., and Broom, J., dissenting from sentence of death).
Considerations of finality embodied in the doctrine of res judicata must preclude presentation and litigation of any such claim at this late date, absent the most extraordinary circumstances. If we appreciate it correctly, the import of Culberson's point is that Pittman's credibility as a witness would have been substantially impeached had the jury fully known and appreciated the import of the plea bargain the prosecution had made with Pittman. It is certainly true that since trial Alvareece Pittman has been all over the lot in his various tales of what happened on January 31, 1975. Our review of Pittman's various recantations and incantations, however, failed to reflect any grounds for serious doubt that Culberson is legally guilty of the capital murder of Grady Evans. At most, Pittman's subsequent affidavits raise a question as to whether Culberson was the trigger man. In this setting, the public interest in finality in adjudication prevails. We hold the claim barred by res judicata both in its common law and statutory forms. Cabello v. State, 524 So.2d 313, 321 (Miss. 1988); Wiley v. State, 517 So.2d 1373, 1377, 1378 (Miss. 1987); Merritt v. State, 517 So.2d 517, 521 (Miss. 1987); see Miss. Code Ann. § 99-39-21 (Supp. 1989).
Second, Culberson argues that his attorney on direct appeal rendered ineffective assistance of counsel. He asserts a claim under Evitts v. Lucy, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) and Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2678, 91 L.Ed.2d 397 (1986). When such a claim is presented via post-conviction proceedings, we review it under standards articulated in Neal v. State, 525 So.2d 1279, 1280-83 (Miss. 1987) and Billiot v. State, 515 So.2d 1234, 1236-37 (Miss. 1987). We look not to just the facial allegations of the complaint but whether there be substantial evidence in the materials attached to the complaint or otherwise before the Court for believing that petitioner has a colorable claim for denial of ineffective assistance of counsel.
The principal infirmity to which Culberson here points is counsel's said-to-be failure to bring before this Court the plea bargain with Pittman. The course of proceedings before this Court on direct appeal, however, shows that the disparate treatment Pittman received at the hands of the Circuit Court and prosecution was the subject of great and spirited debate. The Court was well aware that Pittman had been permitted to plead guilty to manslaughter, that he had been sentenced to fifteen years imprisonment but had served only two and a half years; indeed, knowledge of this fact led three Justices then serving on the Court to dissent from affirmance of the sentence of death imposed upon Culberson. Under these circumstances, we find Culberson's present application wholly devoid of anything which suggests, had counsel done all he suggests counsel should have done, that there is a substantial probability that the outcome before this Court on direct appeal would have been different.
Next, Culberson argues that there are deficiencies in the report the Circuit Judge by statute is required to make regarding his case. State law provides:
§ 99-19-105. Review by supreme court of imposition of death penalty.
(1) Whenever the death penalty is imposed, and upon the judgment becoming final in the trial court, the sentence shall be reviewed on the record by the Mississippi Supreme Court. The clerk of the trial court, within ten (10) days after receiving the transcript, shall transmit the entire record and transcript to the Mississippi Supreme Court together with a notice prepared by the clerk and a report prepared by the trial judge. The notice shall set forth the title and docket number of the case, the name of the defendant and the name and address of his attorney, a narrative statement of the judgment, the offense, and the punishment prescribed. The report shall be in the form of a standard questionnaire prepared and supplied by the Mississippi Supreme Court, a copy of which shall be served upon counsel for the state and counsel for the defendant.
*1140 It is true that there are certain blanks left in the form filed by the Circuit Judge. This report is for the benefit of the Court to assure full awareness of all relevant facts and circumstances in performance of the legislatively mandated proportionality review. We emphasize the importance of each Circuit Court, in each capital murder case in which the sentence of death has been imposed, fully and completely presenting to this Court the report required under Section 99-19-105(1). On the other hand, the duty imposed by the statute is ministerial in nature and, more importantly, we find no basis for believing that any infirmity in the report deprived Culberson of any important right.
The point for the moment is that today's proceedings are the first time anyone has asked this Court to address the question of the adequacy of the trial judge's statutory report. The matter was not presented on direct appeal nor on prior proceedings before this Court for post-conviction relief. Assuming arguendo the point may have merit, we hold it long since waived.
In the end, we reiterate our previous expression that all of the remainder of Culberson's claims now before this Court upon his application for post-conviction relief are barred from re-litigation here by common law and statutory versions of res judicata, consistent with our prior opinions and orders in this case.
MOTION FOR APPOINTMENT OF COUNSEL FOR AN INDIGENT DENIED; MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO VACATE CONVICTION AND SENTENCE GRANTED; APPLICATION FOR LEAVE TO FILE MOTION TO VACATE OR SET ASIDE SENTENCE OF DEATH DENIED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON and BLASS, JJ., concur.
PITTMAN, J., not participating.