618 So.2d 58 (1992)
John Buford IRVING, III
v.
STATE of Mississippi.
No. 92-DP-979.
Supreme Court of Mississippi.
December 31, 1992.
Rehearing Denied June 3, 1993.
*59 Robert B. McDuff, Jane Tucker Lambert, James W. Craig, Jackson, for appellant.
Michael C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Charlene R. Pierce, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
BANKS, Justice, for the Court:
This motion to vacate petitioner Irving's death sentence comes before us as a successive writ for post-conviction relief as enacted in 1984 as provided at Miss. Code Ann. § 99-39-27(9) (Supp. 1992). Specifically, Irving argues the use of an unconstitutionally vague aggravating circumstance impermissibly infected his 1981 sentencing. Ineluctably bound by decisions of the United States Supreme Court pronouncing the circumstance in question offensive to the Eighth and Fourteenth Amendments to the Constitution of the United States and our statutes commending the weighing process to the time honored jury process[1], we remand for resentencing.

*60 I.
On March 3, 1976, Irving killed Gambrell Ray, a Pontotoc County grocer, during the commission of an armed robbery. Following a July 7, 1976, indictment charging Irving with capital murder, Irving was convicted as charged in Pontotoc County Circuit Court and sentenced to death. On direct appeal, this Court affirmed Irving's conviction and sentence. Irving v. State, 361 So.2d 1360 (Miss. 1978). The Supreme Court of the United States denied a writ of certiorari. Irving v. Mississippi, 441 U.S. 913, 99 S.Ct. 2014, 60 L.Ed.2d 386 (1979). Irving then attacked his conviction and sentence collaterally, filing a motion with this Court for leave to seek a writ of error coram nobis. This motion was denied, without opinion, on May 23, 1979.
State remedies exhausted, Irving filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Mississippi. The district court granted the writ only as to Irving's sentence, holding Irving suffered from ineffective assistance of counsel at the penalty phase of his trial. Irving v. Hargett, 518 F. Supp. 1127, 1145-46 (N.D.Miss. 1981). The State of Mississippi did not pursue an appeal of this writ.
Irving appeared for a second sentencing in Pontotoc County Circuit Court. The resentencing jurors were instructed that, if they unanimously found Irving's crime was "especially heinous, atrocious or cruel beyond a reasonable doubt," then the jury could consider the "especially heinous, atrocious or cruel" element an aggravating circumstance of the capital murder under Miss. Code Ann. § 99-19-101(5)(h). The trial court declined Irving's motion to define the meaning of the terms "heinous, atrocious or cruel" through a limiting jury instruction. The jury ultimately found Irving's capital murder was "especially heinous, atrocious or cruel" and returned a death sentence.[2]
Irving failed to prevail on his direct challenge of his death sentence. Irving v. State, 441 So.2d 846 (Miss. 1983). The U.S. Supreme Court denied certiorari. Irving v. Mississippi, 470 U.S. 1059, 105 S.Ct. 1774, 84 L.Ed.2d 834 (1985).[3]
Proceeding to collateral relief, Irving's motion for post-conviction relief under Miss. Code Ann. § 99-39-1 et seq. was denied. Irving v. State, 498 So.2d 305 (Miss. 1986). The U.S. Supreme Court denied certiorari. Irving v. Mississippi, 481 U.S. 1042, 107 S.Ct. 1986, 95 L.Ed.2d 826 (1987).
State remedies exhausted for a second time, Irving filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi in July 1987. That action is pending.
On September 25, 1990, Irving filed a successive motion to vacate his death sentence with this Court pursuant to the intervening authority exception at Miss. Code Ann. § 99-39-27(9).[4] Particularly, Irving *61 asserts he is entitled to a determination if he is eligible for a resentencing under Maynard v. Cartwright, 486 U.S. 356, 360, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372, 379 (1988) in light of Clemons v. Mississippi, 494 U.S. 738, 752-54, 110 S.Ct. 1441, 1450-51, 108 L.Ed.2d 725, 741-42 (1990).
The State of Mississippi responded to this motion on November 28, 1990, arguing Irving is not entitled to successive relief from this Court as Maynard and Clemons do not constitute "intervening authority" under Miss. Code Ann. § 99-39-27(9). Also, the State asserts Irving is procedurally barred from pursuing this issue at the successive stage.[5] Finally, the State also contends this Court is foreclosed from entertaining Irving's Maynard and Clemons claims as Irving's judgment became final prior to the release of Maynard and Clemons and therefore Irving is not entitled to a retroactive application of these holdings.[6]

II.
The State's contention that Maynard and Clemons enjoy no retroactive application was resolved in the negative last March by the United States Supreme Court in Stringer v. Black, 509 U.S. ___, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992).
In Maynard, 486 U.S. 356, 360, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372, 379 (1988), the Court held an aggravating circumstance referring to an "especially heinous, atrocious or cruel" murder, without benefit of a limiting instruction defining these terms, violates the eighth amendment of the federal constitution. In Clemons, 494 U.S. 738, 752-54, 110 S.Ct. 1441, 1450-51, 108 L.Ed.2d 725, 741-42 (1990), the Court held that a state appellate court may affirm a death sentence in a state wherein the capital jury must "weigh" aggravation against mitigation where that appellate court either reweighs the remaining aggravation against mitigation or determines introduction of a constitutionally infirm aggravator amounted to harmless error beyond a reasonable doubt. As the Stringer Court found the holdings in Maynard and Clemons did not constitute "new rules" under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the petitioner in Stringer, as well as similarly situated petitioners, may rely on Maynard and Clemons retroactively. Stringer, 509 U.S. at ___, 112 S.Ct. at 1136, 1138-40, 117 L.Ed.2d at 372, 376, 377. Therefore, the State's contention that Irving is not entitled to reliance on Maynard and Clemons based on a "new rule" theory of federal retroactivity under Teague is without merit.[7]
The State, as mentioned above, also argues Irving is not entitled to rely on Maynard and Clemons as intervening authority, thus trapping Irving in the web of either Miss. Code Ann. § 99-39-21(2)[8] or *62 § 99-39-21(3).[9] This Court, however, has already responded to this argument, holding Maynard and Clemons would have "actually adversely affected" a petitioner's sentence insofar as this Court lacks the authority to reweigh aggravating and mitigating circumstances to uphold a death sentence which is founded, in part, on a constitutionally infirm aggravator. Pinkney v. State, 602 So.2d 1177, 1178 (Miss. 1992); Jones v. State, 602 So.2d 1170, 1173 (Miss. 1992); Shell v. State, 595 So.2d 1323, 1324 (Miss. 1992); Clemons v. State, 593 So.2d 1004, 1006 (Miss. 1992). Unlike appellate reweighing, however, we have not precluded from possibility the prospect of harmless error analysis as applied to an invalid aggravator. Pinkney, 602 So.2d at 1178-79; Jones, 602 So.2d at 1173; Shell, 595 So.2d at 324-25; Clemons, 593 So.2d at 1007. Such a discussion would require this Court to reach the merits of Irving's petition. As it is nonetheless clear Irving is not procedurally barred from pursuing this successive application under Miss. Code Ann. § 99-39-27(9), we move on to the merits.

III.
Under Clemons v. Mississippi, 494 U.S. at 752-54, 110 S.Ct. at 1450-51, 108 L.Ed.2d at 741-42, an appellate court in a "weighing" state could affirm a death sentence tainted by an invalid aggravator so long as the court found consideration of the invalid aggravator constituted harmless error. This finding must be beyond a reasonable doubt. Id. 494 U.S. at 753, 110 S.Ct. at 1451, 108 L.Ed.2d at 741 (relying on Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710-11 (1967)). Thus far, this Court has refused to participate in harmless error analysis on a Maynard issue as "it is difficult to accept that beyond a reasonable doubt the jury's sentencing verdict would have been the same with or without the `especially heinous' factor." Pinkney, 602 So.2d at 1178; see Jones, 602 So.2d at 1173; Shell, 595 So.2d at 1325; Clemons, 593 So.2d at 1007. We decline the invitation today.
At Irving's second sentencing, the jury found two aggravating circumstances to exist beyond a reasonable doubt: that the capital murder was committed during the commission of a robbery and for pecuniary gain, and that the capital murder was committed in "an especially heinous, atrocious or cruel manner." As stated in Johnson v. State, 547 So.2d 59, 61 (Miss. 1989), this Court is incapable of determining what sentence a capital jury would have returned in the absence of an invalid aggravator.[10]

IV.
As this Court is statutorily powerless to reweigh, as well as unable in good faith to analyze the facts of this case under a harmless error paradigm, we are left with one option: remand for a new sentencing. This being the case, we decline to address other issues raised by Irving in his motion to vacate as those issues may be presented anew below.
REMANDED TO PONTOTOC COUNTY CIRCUIT COURT FOR RESENTENCING.
PRATHER and SULLIVAN, JJ., concur.
ROY NOBLE LEE, C.J., dissents with separate written opinion.
DAN M. LEE, P.J., dissents with separate written opinion.
*63 HAWKINS, P.J., and PITTMAN, McRAE and ROBERTS, JJ., not participating.
ROY NOBLE LEE, Chief Justice, dissenting:
The majority again adheres to its view first espoused in Clemons v. State, 593 So.2d 1004 (Miss. 1992) that this Court does not have the authority to reweigh aggravating circumstances in cases where the jury was given the "especially heinous, atrocious or cruel" aggravating circumstance invalidated by Maynard v. Cartwright, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988).
Believing that this Court does have such authority, I adopt my previous dissenting opinions in Clemons, Pinkney v. State, 602 So.2d 1177 (Miss. 1992); Jones v. State, 602 So.2d 1170 (Miss. 1992); Shell v. State, 595 So.2d 1323 (Miss. 1992); Gilliard v. State, 92-KA-1061, not yet reported.
DAN M. LEE, Presiding Justice, dissenting:
With respect for the majority, I find that I am unable to join in its decision today. It is my strong belief that the principle of finality of judgment in criminal matters compels this Court to deny Irving's petition for post-conviction relief. Accordingly, I dissent.
The petitioner fully litigated his claims with respect to the Constitutional efficacy of the "especially heinous and cruel" aggravator in 1983. This Court rejected his claims and the U.S. Supreme Court denied certiorari. At this point, Irving had no further recourse on this claim in either state or federal court. By any reasonable or unreasonable stretch of the imagination, his ability to attack his conviction and sentence was at an end. In simplest terms, the judgment against him was final.
This Court's recognition of the importance of finality and its adherence to the principle that criminal proceedings must be regarded as at an end once all claims are fully litigated is evidenced in Culberson v. State, 580 So.2d 1136 (Miss. 1990):
We have reviewed the entire course of proceedings before this Court. We find inescapable the conclusion that this Court's 1984 order and opinion, Culberson v. State, 456 So.2d 697 (Miss. 1984), contemplated that all proceedings before the courts of the State of Mississippi were at an end. In that order this Court set a new date for execution of sentence. Under these circumstances, we consider it inappropriate that this Court reopen any of these matters or readjudicate any of these claims or review or further articulate any of the grounds for denying these claims... .
* * * * * *
Consideration of finality embodied in the doctrine of res judicata must preclude presentation and litigation of any such claim at this late date, absent the most extraordinary circumstances.
* * * * * *
In the end, we reiterate our previous expression that all of the remainder of Culberson's claims now before this Court upon his application for post-conviction relief are barred from re-litigation here by common law and statutory versions of res judicata, consistent with our prior opinions and orders in this case.
Culberson, at 1138-40.
Clearly, the firmly established judicial concern for finality evidenced in such doctrines as res judicata is not to be lightly discounted. Especially in cases such as this where all factual issues have been established and re-established by way of multiple submissions to juries. I would deny Irving's duplicative petition for post-conviction relief.
By way of conclusion I would repeat and amplify the exasperated comments of former Chief Justice Patterson in the opinion denying this petitioner relief in 1986:
Finally, while this petition is not frivolous, litigation must come to an end at some time. This case has been tried, reviewed, and combed over by two trial juries, at least four times by this Court, many times by the U.S. Supreme Court and U.S. District Court over a period of *64 time exceeding ten years. By the Grace of God, when will this litigation be concluded?
Irving v. State, 498 So.2d 305 (Miss. 1986).
We as a Court have the power and the duty to bring this case to an end at this point by denying Irving's petition. I have no doubt that this is the wiser course of action. Therefore, I dissent.
NOTES
[1] As a matter of state law, only a jury may impose a death sentence after weighing constitutionally valid aggravating circumstances against mitigating circumstances and finding that these aggravating circumstances outweigh the mitigating circumstances. Pinkney v. State, 602 So.2d 1177, 1178-79 (Miss. 1992); Jones v. State, 602 So.2d 1170, 1172-73 (Miss. 1992); Shell v. State, 595 So.2d 1323, 1324 (Miss. 1992); Clemons v. State, 593 So.2d 1004, 1006 (Miss. 1992).
[2] The jury also found another aggravating circumstance: the capital offense was committed while Irving was engaged in the crime of robbery and for the purpose of pecuniary gain. After a written determination that the mitigating circumstances did not outweigh the aggravating circumstances, the jury returned to court with a death sentence.
[3] At this point, Irving's sentence became final for purposes of retroactivity. Griffith v. Kentucky, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 712 n. 6, 93 L.Ed.2d 649, 657 (1987). "By `final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for petition for certiorari elapsed or a petition for certiorari finally denied." Id. (relying on United States v. Johnson, 457 U.S. 537, 542 n. 8, 102 S.Ct. 2579, 2583 n. 8, 73 L.Ed.2d 202, 208 n. 8 (1982) (citing Linkletter v. Walker, 381 U.S. 618, 622 n. 5, 85 S.Ct. 1731, 1734 n. 5, 14 L.Ed.2d 601, 604 (1965)).
[4] Irving retains the option to return to state court to exhaust claims yet to have been adjudicated at the state level or proceed in federal court on only the claims heretofore exhausted at the state level. Rose v. Lundy, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379, 388-89 (1982). Whichever route the habeas petitioner elects to travel, however, the district court judge would be obliged to initially dismiss the petition for failure to exhaust to "reduce the temptation to consider unexhausted claims." Id. at 519, 102 S.Ct. at 1204, 71 L.Ed.2d at 388; see 28 U.S.C. § 2254(b).
[5] The State claims Irving is procedurally barred from asserting his Maynard and Clemons claims based on Miss. Code Ann. § 99-39-21(1), (2) and (3) as interpreted by Wiley v. State, 517 So.2d 1373, 1377-78 (Miss. 1987) cert. denied 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 610 (1988). Wiley dealt with the inability of a convict to raise issues at the post-conviction level that had been disposed with on direct appeal (treating Miss. Code Ann. § 99-39-21(2), (3)), as well as the inability to raise issues never asserted on direct appeal (treating Miss. Code Ann. § 99-39-21(1)). It is clear, however, that Irving raised the "heinous, atrocious or cruel" issue on direct appeal, Irving v. State, 441 So.2d 846, 849-50 (Miss. 1983), and on his first petition for post-conviction relief. Irving v. State, 498 So.2d 305, 314 (Miss. 1986). Therefore, the procedural bar for failure to raise issues on direct appeal at Miss. Code Ann. § 99-39-21(1) is inapplicable. Precisely because of this, while the procedural bar for exhausted issues indeed seems to apply to Irving's "heinous, atrocious or cruel" issue at first glance, Irving counters the intervening authority provision of Miss. Code Ann. § 99-39-27(9) eliminates this bar.
[6] See footnote 3.
[7] Indeed, in the wake of Stringer, the United States Court of Appeals for the Fifth Circuit has remanded two death sentences to the appropriate district courts to issue writs of habeas corpus unless the State of Mississippi institutes a procedure to either reweigh aggravation against mitigation or determine whether the failure to provide the limiting instruction amounted to harmless error. Smith v. Black, 970 F.2d 1383 (5th Cir.1992) and Wiley v. Puckett, 969 F.2d 86 (5th Cir.1992).
[8] Miss. Code Ann. § 99-39-21(2) precludes individuals from arguing new theories of law to facts already adjudicated, absent a showing of cause or actual prejudice. Wiley v. State, 517 So.2d 1373, 1377 (Miss. 1987).
[9] Miss. Code Ann. § 99-39-21(3) applies the doctrine of res judicata to claims brought at the collateral level that were not preserved on direct appeal. Culberson v. State, 580 So.2d 1136, 1138 (Miss. 1990) cert. denied ___ U.S. ___, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991); Mann v. State, 490 So.2d 910, 911 (Miss. 1986).
[10] In Johnson, a prior conviction from New York State was used as an aggravating circumstance in the capital sentencing of the defendant. Johnson at 59. The defendant was sentenced to death. Id. Subsequently, the New York conviction was vacated and, therefore, the aggravator used at the defendant's capital sentencing was rendered invalid. Id. at 60. This Court refused to offer a determination as to the impact of the invalid, prior-conviction aggravator. Id. at 60-61. Similarly, we refuse today to come to a different conclusion regarding an invalid "heinous, atrocious or cruel" instruction.