# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-DR-00749-SCT

*VERNICE BALLENGER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/13/93 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT B. McDUFF |
| | FRITZ BYERS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MARVIN L. WHITE, JR. |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - DEATH PENALTY - POST CONVICTION RELIEF |
| DISPOSITION: | POST CONVICTION RELIEF GRANTED; CONVICTION OF CAPITAL MURDER AND SENTENCE OF DEATH BY LETHAL INJECTION VACATED. REMANDED FOR A NEW TRIAL CONSISTENT WITH THIS OPINION - 06/22/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/20/2000 |

**EN BANC.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. Vernice Ballenger ( Ballenger) was convicted by a jury in the Circuit Court of Leake County, Mississippi, on January 12, 1993, for the capital murder of Myrtle Ellis while engaged in the commission of the crime of robbery. In a separate sentencing hearing on January 13, 1993, Ballenger was sentenced to death by lethal injection. On September 21, 1995, Ballenger's conviction and sentence were affirmed by this Court on direct appeal. ***Ballenger v. State***, 667 So.2d 1242 (Miss. 1995). The opinion was modified on motion of the State on November 22, 1995, and Ballenger's petition for rehearing was denied on February 8, 1996.

¶2. The following sequence of events then occurred:

| | |
|---|---|
| June 24, 1996 | Petition for Writ of Certiorari denied by the United States Supreme Court. *See **Ballenger v. Mississippi***, 518 U.S. 1025, 116 S. Ct. 2565, 135 L. Ed. 2d 1082 (1996). |
| August 27, 1996 | Ballenger's Motion for Rehearing by the United States Supreme Court denied. *See **Ballenger v. Mississippi***, 518 U.S. 1048, 117 S. Ct. 26, 135 L. Ed. 2d 1119 (1996). |
| December 5, 1996 | *Hunter v. State*, 684 So.2d 625 (Miss. 1996), handed down as modified on denial of rehearing. |
| February 7, 1997 | Ballenger filed a pro se petition requesting appointment of counsel and a stay of execution with the United States District Court for the Southern District of Mississippi. |
| February 20, 1997 | Ballenger's execution was stayed by the District Court. |
| March 26, 1997 | Robert B. McDuff and Fritz Byers appointed by the District Court to represent Ballenger and pursue federal habeas relief within ninety days. |
| May 15, 1997 | Time to file a petition for writ of habeas corpus extended for sixty days. |
| June 18, 1997 | Motion to Vacate Judgment and Sentence filed in this Court by Ballenger. |
| July 11, 1997 | First Amended Motion to Vacate Judgment and Sentence filed by Ballenger. |
| July 29, 1997 | Supplement to the Motion to Vacate Judgment and Death Sentence and Application for Leave to File Second Amended Motion to Vacate Judgment and Death Sentence filed by Ballenger. |
| August 15, 1997 | Second Supplement to the Motion to Vacate Judgment and Death Sentence filed by Ballenger. |
| November 20, 1997 | Response to Ballenger's Application for Leave to File Second Amended Motion to Vacate Judgment and Death Sentence filed by the State of Mississippi. |
| March 19, 1998 | *Shaffer v. State*, 740 So.2d 273 (Miss. 1998), handed down. |
| September 2, 1999 | *Shaffer v. State*, rehearing denied. |

¶3. The majority of Ballenger's claims are without merit or procedurally barred as they have previously been decided on direct appeal. However, Ballenger's claim that the trial court failed to instruct the jury on the underlying felony of robbery has merit; and therefore, pursuant to the authority found in Miss. Code Ann. § 99-39-27(7)(Supp. 1999), we grant the amended and supplemented motion, vacate Ballenger's conviction of capital murder and sentence of death by lethal injection, and remand for a new trial consistent with this opinion.

## STATEMENT OF THE FACTS

¶4. During July 1983, Ballenger asked Mac Ballenger (Mac), her estranged husband, to rob her elderly aunt, Myrtle Ellis (Ellis). Mac told her he would not do it personally, but knew someone who would. Mac recruited James Head (Head), who agreed to the robbery and in turn brought in Ronald Ritter (Ritter) to help. Mac testified at trial that Ballenger agreed to give Head and Ritter each $10,000 for robbing her aunt.

¶5. On July 10, 1983, Head, Ritter, Mac and Ballenger met at Ballenger's house in Carthage, Mississippi. Mac, Ballenger, Ritter and Head subsequently drove to Ellis's house to look at the house and its surroundings and then returned to Ballenger's home. A short time later, Ballenger, Ritter and Head made a second trip to Ellis's house. Ballenger dropped Ritter and Head off at the edge of the woods near the house. Ritter and Head were scared away by a hunter in the woods before they could get to the house. They returned to Ballenger's home and began drinking. It was decided that another attempt would be made, this time with Mac driving. Ballenger gave Ritter and Head a .22 caliber rifle and a pistol before they left.

¶6. On this trip, Ritter and Head went inside while Mac stood in the front doorway of the house. Ritter asked Ellis where her money was, and Ellis said that she did not have any. Ritter slapped Ellis, and she told him that she did not have any money because the bank or the hospital had taken it. At that point, Ritter stepped away from Ellis, and Head started beating her.

¶7. Head and Ritter searched the house for the money but found none. Mac retrieved a doll from Ellis's car thinking that there might be money hidden in it. Head became enraged and threw Ellis across the room, kicked her and then the three men left. On the way back to Ballenger's house, Head ripped the doll apart. However, he found no money in it, so he threw it out the window.

¶8. Upon returning to Ballenger's house, Mac, Ritter and Head told Ballenger what happened. Ballenger became concerned that Ellis or someone else might recognize her van. Ballenger then suggested that Ellis's house be burned down with her in it to ensure that Ellis could not identify her assailants.

¶9. Ritter, Head and Ballenger returned to Ellis's house and dropped off Head to start the fire. Ritter and Ballenger drove down the road, turned around and came back to pick up Head. There was no smoke coming from the house, so Ballenger said that another attempt should be made to start the fire. Ritter volunteered. When Ritter returned to the house, Ellis was already lying outside. There was a pile of clothes on the floor, and Ritter threw a match on them to start a fire. The three then returned to Ballenger's house. Subsequently, Ritter and Head returned to Greenville.

¶10. A fire truck was called to Ellis's house. Ellis was found unconscious beside a shed near her home. Her head and face were swollen and bruised. Her clothes were torn and disheveled. Ellis was taken to the emergency room at the hospital in Madden and later transferred to University Hospital in Jackson. Ellis regained consciousness, but declined to identify her assailants. Ten days later, on July 20, 1983, Ellis died as a result of the injuries she sustained.

### DISCUSSION OF LAW

¶11. Ballenger's amended and supplemented motion contains forty-seven (47) claims as a basis for post-conviction relief. When combined however, the arguments essentially fall into five categories: (1) trial court error; (2) prosecutorial misconduct; (3) evidentiary insufficiency; (4) new evidence; and (5) ineffective assistance of counsel. Because we find that Ballenger's conviction and sentence should be vacated, we find it necessary to address only the controlling issue.

## 1. FAILURE TO INSTRUCT ON THE ELEMENTS OF ROBBERY

¶12. Ballenger argues that the trial court committed fundamental error by failing to instruct the jury on the elements of robbery. This issue was considered and rejected on direct appeal. Ballenger argued that the trial court erred in refusing her proposed jury instructions D-22 and D-29. We found that D-22 was not

marked "given" or "refused" and the transcript did not show any mention of the instruction. As a result , we found that the issue was not properly preserved for appeal and was, therefore, procedurally barred. *Ballenger v. State*, 667 So.2d at 1251-52. As to D-29, we held that the instruction, which would have allowed the jury to find Ballenger guilty only of robbery, was properly refused by the trial court because robbery is not a lesser-included offense of capital murder. Additionally, we found the trial court's refusal to give the instruction was proper because the instruction was not supported by the evidence. *Id.* at 1254-55.

¶13. Ballenger now argues that *Hunter v. State*, 684 So. 2d 625 (Miss. 1996) and *Shaffer v. State*, 740 So.2d 273 (Miss. 1998), which were decided subsequent to Ballenger's direct appeal, qualify as intervening decisions; and therefore, the procedural bar should not be applied. Ballenger additionally argues that the trial court prevented her from preserving the issue on appeal because her trial counsel was told to limit the number of instructions submitted to the Court. Her trial counsel has signed an affidavit that this is the reason he did not pursue all of the instructions originally filed. He further states in the affidavit that he thought the trial court's instructions to reduce the number of guilt instructions appeared in the record, and only during preparation of the original brief on direct appeal did he learn that they did not appear in the record. Finally, Ballenger argues that the failure to instruct on the underlying felony of robbery is not only a violation of state law, but also of federal constitutional law.

¶14. In response, the State argues that the issue was decided against Ballenger on direct appeal on the basis of a procedural bar; and therefore, the claim is barred by the doctrines of "different state or federal legal theories," and res judicata found in Miss. Code Ann. § 99-39-21(2) and (3)(1994).

¶15. As previously stated, Ballenger's claim on this issue was denied on direct appeal. *Ballenger v. State*, 667 So. 2d 1242, 1252 (Miss. 1995). One year later, however, in *Hunter v. State*, 684 So. 2d 625 (Miss. 1996), we came to a different result when faced with this very same issue. In that case, Hunter's robbery instruction was refused by the trial court as confusing. Hunter's counsel was given an opportunity by the trial court to amend the instruction, but he failed to do so. *Id.* at 633-34. We reversed and remanded for a new trial stating:

> Indeed, no instruction on the elements of the underlying offense was given. The defendant offered a confusing instruction, which was properly refused. The State did not offer an instruction on the elements of the underlying offense of robbery. This Court holds that the State had a duty to ensure that the jury was properly instructed on the elements of the underlying crime.

> It is hornbook criminal law that before a conviction may stand the State must prove each element of the offense. Not only is this a requirement of the law of this State, due process requires that the State prove each element of the offense beyond a reasonable doubt.

> *Neal v. State*, 451 So.2d 743, 757 (Miss.1984). A logical corollary of this principle is that, because the State has to prove each element of the crime beyond a reasonable doubt, then the State also has to ensure that the jury is properly instructed with regard to the elements of the crime. *See also Hosford v. State*, 525 So.2d 789, 792 (Miss.1988) (quoting *Adams v. State*, 202 Miss. 68, 75, 30 So.2d 593 (Miss.1947) ("In conducting a criminal case, the prosecuting attorney must be fair and impartial, **and see that defendant is not deprived of any constitutional or statutory right.''**) (emphasis in original).

> . . . . . . . . . . . . .

"Just as the State must prove each element of the offense, the jury must be correctly and fully instructed regarding each element of the offense charged." **Neal**, 451 So.2d at 757, n. 9. Failure to submit to the jury the essential elements of the crime is "fundamental" error. **Screws v. United States**, 325 U.S. 91, 107, 65 S.Ct. 1031, 1038, 89 L.Ed. 1495 (1945). In capital murder cases, the trial court is "required to instruct just as fully regarding the definition of [the underlying crime] as it [is] on murder."**Id.** Indeed,

"[i]t is axiomatic that a jury's verdict may not stand upon uncontradicted fact alone. The fact must be found via jury instructions correctly identifying the elements of the offense under the proper standards." "Where the jury had incorrect or incomplete instructions regarding the law, our review task is nigh unto impossible and reversal is generally required."

**Henderson v. State**, 660 So.2d 220, 222 (Miss.1995) (citations omitted).

It is rudimentary that the jury must be instructed regarding the elements of the crime with which the defendant is charged. Therefore, even though the defendant did not present an acceptable instruction, the State was obligated to do so. Reversal on this issue is warranted. **See Henderson v. State**, 660 So.2d 220, 222 (Miss.1995); **Neal v. State**, 451 So.2d 743, 757 n. 9 (Miss.1984); **see also Watson v. State**, 465 So.2d 1025, 1031 (Miss.1985).

*Hunter,* 684 So. 2d at 635-36.

¶16. In *Hunter*, the State argued that the defendant is responsible for offering an instruction providing the elements of the underlying felony, and cited **Ballenger** along with several other cases in support of its position. In confirming that the issue in **Ballenger** was decided on the basis of a procedural bar, and not on the merits, we explained:

However, the State argues that it is incumbent on the defendant to offer such an instruction, and cites several cases, all of which can be distinguished. **See Ballenger v. State**, 667 So.2d 1242, 1252 (Miss.1995); **Conner v. State**, 632 So.2d 1239, 1254 (Miss.1993); **Gray v. State**, 472 So.2d 409, 416 (Miss.1985)(reversed on other grounds, 481 U.S. 648, 107 S.Ct. 2045, 95 L.Ed.2d 622 (1987)).

**Ballenger** is factually similar to the case *sub judice*, in that the defendant/appellant was convicted of capital murder during the commission of a robbery and sentenced to death. Ballenger claimed that the trial judge erred by failing to grant two of her instructions, which discussed the elements of robbery. One of the instructions was not marked given, refused, or withdrawn, and was not discussed in the transcript. **This Court held that Ballenger's argument with regard to that instruction was not properly preserved for appeal.** The second instruction was on the lesser included offense of robbery. This Court ruled that the trial judge properly refused to give the instruction because it would have allowed the jury to find Ballenger guilty of robbery, but not guilty of capital murder. **Id.** at 1252. In the case *sub judice*, the proposed instruction containing the elements of the underlying crime was marked "refused". Furthermore, Hunter did receive a proper lesser included offense instruction on simple murder. Therefore, **Ballenger** is factually distinguishable and does not apply.

The other cases cited by the State dealt with lesser included offense instructions. **See Conner v. State**, 632 So.2d 1239, 1254 (Miss.1993); **Gray v. State**, 472 So.2d 409, 416 (Miss.1985).

These cases can be distinguished from the case at hand, which deals with an instruction on the underlying crime--that is, the alleged crime which elevated this to a capital case. *See also Harper v. State*, 478 So.2d 1017, 1023 (Miss.1985).

*Hunter,* 684 So. 2d at 635-36 (emphasis added) (footnote omitted).

¶17. We went on to say:

> **This Court agrees that *Ballenger* correctly stands for the propositions that it is incumbent upon the defendant to preserve the record for appeal and to offer an instruction on any lesser included offenses the defendant wishes to pursue.** However, *Hunter* properly preserved the issue for appeal. Furthermore, the issue in dispute in the case *sub judice* is instruction on the underlying crime--the crime which elevated this murder to a capital case--not a lesser included offense instruction. *See Ballenger*, 667 So.2d at 1252.

*Hunter,* 684 So. 2d at 636 n.6 (emphasis added). *Hunter* makes it clear that this issue was decided against Ballenger on direct appeal on the basis of a procedural bar, and not on the merits.

¶18. Approximately two years after *Hunter*, in *Shaffer v. State*, 740 So.2d 273 (Miss. 1998), we held:

> The state argues that because Shaffer objected to the instruction upon different grounds at trial, he is now procedurally barred from raising this issue on appeal. We disagree. **Instructing the jury on every element of the charged crime is so basic to our system of justice that it should be enforced by reversal in every case where inadequate instructions are given, regardless of a failure to object or making a different objection at trial.**

*Id.* at 282 (emphasis added). We went on to say:

> A conviction is not valid where the prosecution does not prove each element of the charged offense beyond a reasonable doubt. *Davis v. State*, 586 So.2d 817, 819 (Miss.1991). It follows that a conviction is unenforceable where the jury does not find each element of the offense beyond a reasonable doubt. Where the jury is not even instructed on one of the vital elements of the offense, the conviction must not survive the scrutiny of this Court.

*Id.*

¶19. As previously stated, the State argues that this claim is barred by the doctrines of "different state or federal legal theories," and res judicata found in Miss. Code Ann. § 99-39-21(1994), which provides in relevant part:

> (2) The litigation of a factual issue at trial and on direct appeal of a specific state or federal legal theory or theories shall constitute a waiver of all other state or federal legal theories which could have been raised under said factual issue; and any relief sought under this chapter upon said facts but upon different state or federal legal theories shall be procedurally barred absent a showing of cause and actual prejudice.

> (3) The doctrine of res judicata shall apply to all issues, both factual and legal, decided at trial and on direct appeal.

(4) The term "cause" as used in this section shall be defined and limited to those cases where the legal foundation upon which the claim for relief is based could not have been discovered with reasonable diligence at the time of trial or direct appeal.

(5) The term "actual prejudice" as used in this section shall be defined and limited to those errors which would have actually adversely affected the ultimate outcome of the conviction or sentence.

¶20. In *Irving v. State*, 618 So. 2d 58 (Miss. 1992), Irving filed a second petition for post conviction relief arguing that the jury was allowed to consider the unconstitutionally vague "heinous, atrocious or cruel" aggravating factor during sentencing. *Id.* at 60-61. The State argued that Irving was procedurally barred from asserting his claims based on Miss. Code Ann. § 99-39-21(1), (2) and (3). 618 So. 2d at 61. We found that the issue had been raised on direct appeal, and thus Miss. Code Ann. § 99-39-21(1) was not applicable. 618 So. 2d at 61 n.5.

¶21. We went on to state:

The State, as mentioned above, also argues Irving is not entitled to rely on *Maynard* and *Clemons* as intervening authority, thus trapping Irving in the web of either Miss. Code Ann. § 99-39-21(2) or § 99-39-21(3). This Court, however, has already responded to this argument, holding *Maynard* and *Clemons* would have "actually adversely affected" a petitioner's sentence insofar as this Court lacks the authority to reweigh aggravating and mitigating circumstances to uphold a death sentence which is founded, in part, on a constitutionally infirm aggravator. *Pinkney v. State*, 602 So.2d 1177, 1178 (Miss.1992); *Jones v. State*, 602 So.2d 1170, 1173 (Miss.1992); *Shell v. State*, 595 So.2d 1323, 1324 (Miss.1992); *Clemons v. State*, 593 So.2d 1004, 1006 (Miss.1992). . . .

*Irving,* 618 So.2d at 61-62 (footnotes omitted). In the present case, *Hunter* and *Shaffer* call for automatic reversal; and therefore, we find that Ballenger has sufficiently demonstrated "actual prejudice"as defined by Miss. Code Ann. § 99-39-21(5) to overcome the procedural bar.

¶22. Miss. Code Ann. § 99-39-27(7)(Supp. 1999) provides:

In granting the application the court, in its discretion, may:

(a) Where sufficient facts exist from the face of the application, motion, exhibits, the prior record and the state's response, together with any exhibits submitted therewith, or upon stipulation of the parties, grant or deny any or all relief requested in the attached motion.

(b) Allow the filing of the motion in the trial court for further proceedings under Sections 99-39-13 through 99-39-23.

In the present case, there is no reason for an evidentiary hearing to be held or to require the motion to be filed in the trial court, because this issue involves purely a question of law. Therefore, pursuant to our authority found in Miss. Code Ann. § 99-39-27 (7), we vacate Ballenger's conviction and sentence and remand this case to the circuit court for a new trial. Having found that Ballenger's conviction and sentence should be vacated pursuant to *Hunter* and *Shaffer*, we find it unnecessary to address the remaining issues raised by Ballenger.

## CONCLUSION

¶23. We find Ballenger's claim regarding the failure of the trial court to instruct the jury on the elements of the underlying felony of robbery in this case to be meritorious. Ballenger has made a sufficient showing on this claim to overcome the procedural bar. Since this claim solely involves a question of law, and pursuant to the authority found in Miss. Code Ann. § 99-39-27(7), we grant the amended and supplemented motion, vacate Ballenger's conviction for capital murder and sentence of death by lethal injection, and remand this case to the Circuit Court of Leake County for a new trial consistent with this opinion.

¶24. **POST-CONVICTION RELIEF GRANTED; CONVICTION OF CAPITAL MURDER AND SENTENCE OF DEATH BY LETHAL INJECTION VACATED; REMANDED FOR A NEW TRIAL CONSISTENT WITH THIS OPINION.**

> **PRATHER, C.J., BANKS, P.J., McRAE AND WALLER, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS, COBB AND DIAZ, JJ.**

> **SMITH, JUSTICE, DISSENTING:**

¶25. The majority vacates Ballenger's conviction and sentence of death based upon *__Hunter v. State__*, 684 So. 2d 625 (Miss. 1996). There, this Court deviated from our long-standing precedents. I dissented in *__Hunter__*, **id.** at 639-43, and accordingly adopt that dissent in the case at bar.

¶26. This very issue was addressed initially in the case at bar on direct appeal wherein the Court held that "[s]ince instruction D-22 was never brought to the attention of the trial court and instruction D-29 was properly refused, it was incumbent upon Ballenger to request an appropriate instruction regarding the elements of robbery." *Ballenger v. State*, 667 So. 2d 1242, 1252 (Miss. 1995). "The case law does not impose upon a trial court a duty to instruct the jury *sua sponte*, nor is a court required to suggest instructions in addition to those which the parties tender." *Id.* (quoting *Conner v. State*, 632 So. 2d 1239, 1254 (Miss. 1993)). *See also* *Billiot v. State,* 454 So. 2d 445, 462 (Miss. 1984) (stating that the combined failure to object or to request an appropriate instruction operates to waive any objection on this issue); *Gilliard v. State*, 428 So. 2d 576, 583 (Miss. 1983) (same); *Gray v. State*, 472 So. 2d 409, 416 (Miss. 1985) (same).

¶27. I noted previously in dissent, "While no single instruction did include all elements of robbery, some of the elements are listed in Instructions, S-1A, S-2 and S-8. Surely, these instructions assisted the jury which obviously believed beyond a reasonable doubt that Hunter robbed and killed Brewer." *__Hunter__*, 684 So. 2d at 639. Here, considering the instructions as a whole, there is sufficient mention of some of the elements listed to have reasonably assisted the jury to believe beyond a reasonable doubt that Ballenger paid to have Myrtle Ellis robbed and killed. I find no difference between the case at bar and *__Hunter__* or *Dufour v. State*, 453 So. 2d 337 (Miss. 1984). In *Dufour*, no instruction defining the underlying felony of robbery was given, and the Court held that the evidence adduced at trial proved that the murder was committed during the course of a robbery. *Dufour*, 453 So. 2d at 346. Here, there is more than sufficient evidence, in fact, overwhelming evidence supporting the jury's verdict that Ellis was robbed and murdered by accomplices hired by Ballenger. Thus, Ballenger was guilty of capital murder and appropriately received the sentence of death.

¶28. For these reasons, I respectfully dissent.

**MILLS, COBB AND DIAZ, JJ., JOIN THIS OPINION.**