KITCHENS, JUSTICE,
SPECIALLY CONCURRING;
¶26. The permissive language of Uniform Rule of Circuit and County Court Practice 3.10 grants the trial court discretion with regard to directing the jury to select a foreperson. That rule provides that “[t]he court may direct the jury to select one of its members to preside over the deliberations....” URCCC 3.10 (emphasis added). In the case of Ballenger v. State, this Court spoke to the question of the court’s appointment of a foreperson of a trial jury. Ballenger v. State, 667 So.2d 1242, 1258 (Miss. 1995).[3] We held that “[i]n the future, trial judges are advised not to appoint jury foreman. Who is to be the foreman is a decision which should be made by fellow jurors.” Id. at 1259 (emphasis added). The Court did not say that error would result from the trial court’s appointment of a jury foreperson; it merely advised trial judges not to do so.
¶ 27. This case involves a petit jury. By contrast, in the context of grand jury proceedings, the trial court is required by rule to appoint a foreperson; “[t]he court shall appoint one member of the grand jury as foreman, who shall take the oath prescribed in § 13-5-45 of the Mississippi Code of 1972.” URCCC 7.02 (emphasis added).
¶ 28. Because this Court’s precedent and its rules, as they now appear, do not prohibit a trial judge’s selection and appointment of a foreperson for a petit jury, I would hold that the judge in the instant *432 case committed no error in that regard, harmless or otherwise. I would affirm.
WALLER, C.J., DICKINSON, P.J., LAMAR, KING AND MAXWELL, JJ., JOIN THIS OPINION. COLEMAN, J, JOINS THIS OPINION IN PART.

. ' This Court subsequently granted post-conviction relief on-other grounds. Ballenger v. State, 761 So.2d 214 (Miss. 2000).